**Jamon Laray MARSH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–92–00482–CR.

Court of Appeals of Texas, Dallas.

Nov. 25, 1996.

John D. Nation, Jeffrey B. Keck, Dallas, for Appellant.

Karen R. Wise, Assistant District Attorney, Dallas, for Appellee.

Before THOMAS, C.J., and MALONEY and HANKINSON, JJ.

HANKINSON, Justice.

Jamon Laray Marsh appeals his conviction for possession of cocaine. His court-appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that a review of the record shows no reversible error. The

appellate record in this cause, however, is missing a portion of the statement of facts. The issue, therefore, is whether appellant's court-appointed counsel has fulfilled his duties by filing an *Anders* brief based on an incomplete record. For the reasons set forth below, we conclude he has not.

On January 23, 1990, as part of a plea bargain agreement, appellant pleaded guilty to possession of cocaine and was placed on three years deferred adjudication probation and fined $500. On February 4, 1992, the State filed an amended motion to adjudicate guilt, alleging appellant violated his probation by committing various offenses. In a February 11, 1992 hearing, appellant pleaded not true to the State's allegations. The trial court found the allegations true, revoked appellant's probation, adjudicated him guilty, and sentenced him to twenty years in prison.[1]

Appellant timely filed notice of appeal, and the trial court appointed counsel to represent him. Thereafter, appellant's attorney filed an *Anders* brief in which he concludes the appeal is frivolous and without merit. Specifically, appellant's counsel described this case as an "attempted appeal from the trial court's decision to proceed to adjudication" and thus contended this Court lacked jurisdiction to consider the appeal.

■ We are not required to dismiss this cause based solely on counsel's characterization of the case. *Anders* and its progeny places the burden on this Court, as the reviewing court, to undertake a full examination of the trial court proceedings and decide whether the case is in fact wholly frivolous and without merit. *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400. Thus, while appellant could not appeal from the trial court's decision to proceed to adjudication of guilt, appellant could have appealed other facets of the trial court proceeding, *i.e.*, assessment of punishment or voluntariness of his original plea. *See Schroder v. State*, 893 S.W.2d 2, 3 (Tex. App.—Dallas 1994, no pet.); *see also Flowers v. State*, 935 S.W.2d 131, 134 (Tex.Crim.App. 1996). Accordingly, we disagree with appel-

late counsel's characterization and will conduct an independent analysis.

■ The purpose of an *Anders* brief is to support the appellate counsel's motion to withdraw by showing that appellate counsel performed a conscientious examination of the record and that the appeal is so frivolous that the indigent appellant should be denied his federal constitutional right to appointed counsel on appeal. *Jeffery v. State*, 903 S.W.2d 776, 779 (Tex.App.—Dallas 1995, no pet.) (citing *Penson v. Ohio*, 488 U.S. 75, 81–82, 109 S.Ct. 346, 350–51, 102 L.Ed.2d 300 (1988), and *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 13, 108 S.Ct. 1895, 1902 n. 13, 100 L.Ed.2d 440 (1988)). Determining that an appeal is "frivolous" is not a conclusion to be reached lightly. *Jeffery*, 903 S.W.2d at 779; *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.—Waco 1994, pet. ref'd) (per curiam). As observed previously by this Court:

> This Court cannot deny an indigent appellant his constitutional right to appointed counsel on appeal until we are satisfied two concerns have been met. First, we must determine that appellate counsel has provided the appellant with a diligent and thorough search of the record for any arguable claim that might support the appeal. Second, we must determine whether appellate counsel has correctly concluded the appeal is frivolous.

*See Jeffery*, 903 S.W.2d at 779.

■ The first task requires that we examine the attorney's brief for compliance with the rules in *Anders* cases. The second task requires, in effect, that this Court independently conduct a "full examination of all the proceedings" to determine if the appeal is frivolous. *See Johnson*, 885 S.W.2d at 647. We hold that when an appellant's court-appointed counsel files an *Anders* brief without the benefit of the statement of facts, or at least attempting to obtain the statement of facts, counsel has not performed his duty of making a "diligent and thorough search for any arguable claim that might support the appeal."

The appellate record in this cause contains the statement of facts from the February 11,

---

1. The judgment assesses punishment at twenty   years in prison and a $500 fine.

1992 adjudication hearing. It does not, however, contain the statement of facts from the January 23, 1990 original plea hearing. Appellant's court-appointed counsel has not filed a motion to supplement the record, nor has he requested any hearings in the trial court to determine why the statement of facts has not been filed. Consequently, we conclude counsel could not have made a diligent search of the record without the statement of facts and has failed to perform his duty as court-appointed counsel by filing an *Anders* brief based on an incomplete record.

Accordingly, we strike appellate counsel's inadequate *Anders* brief and remove appellant's counsel in this appeal.[2] We order the trial court to appoint new counsel for appellant. Further, we order the trial court to conduct a hearing to determine whether the statement of facts is available, and if so, the earliest date by which it can be transcribed and filed with this Court. This appeal is abated for forty-five days to allow the trial court to comply with our instructions.

---

**2.** When appellate counsel filed the brief, he did not file it as a brief in support of a motion to withdraw, nor did he file a motion to withdraw with the brief as required by *Anders* and *Stafford*

*v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). Thus, on the Court's motion, we order counsel be removed from the appeal.