**Jackie Dale MASON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–00–0505–CR.**

Court of Appeals of Texas, Amarillo.

March 5, 2001.

---

C.J. McElroy, Amarillo, for appellant.

Rebecca King, Amarillo, for appellee.

Before QUINN, REAVIS and JOHNSON, JJ.

PER CURIUM.

Jackie Dale Mason (appellant) appeals his conviction for felony driving while intoxicated (DWI). His court-appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), therein asserting that a review of the record shows no reversible error. The appellate record in this cause, however, is missing a portion of the reporter's record. Specifically, the portion missing is the voir dire. The issue, therefore, is whether court appointed counsel may file an *Anders* brief when the appellate record being reviewed is incomplete. For the reasons set forth below, we conclude she cannot.

The purpose of an *Anders* brief is to support counsel's motion to withdraw. Through it, counsel effectively illustrates to the court 1) that he performed a conscientious examination of the record to discover potential error and 2) that the appeal is frivolous. *Marsh v. State*, 959 S.W.2d 224, 225 (Tex.App.—Dallas 1996, no pet.); *Jeffery v. State*, 903 S.W.2d 776, 779 (Tex.App.—Dallas 1995, no pet.). Without a complete record, however, it cannot be said that counsel conscientiously searched for potential error and, as a result of that search, legitimately concluded that the appeal was frivolous. *See Marsh v. State*, 959 S.W.2d at 225–26 (striking the *Anders* brief and remanding for the appointment of new counsel because the record was incomplete). Simply put, one cannot say that there is no arguable merit to an appeal based upon the review of an incomplete record.

Because the voir dire conducted at the trial at bar was not transcribed and is missing from the appellate record, we

strike the *Anders* brief filed by appellant's counsel. We further order the official court reporter for the 251st Judicial District Court of Potter County to 1) transcribe the voir dire conducted at the trial of Cause No. 40,764–C, styled *State of Texas v. Jackie Dale Mason,* 2) include the transcription in a supplemental reporter's record, and 3) file the supplemental reporter's record with the clerk of this court on or before March 31, 2001. Within 30 days of the day on which the supplemental record is filed with the clerk of this court, counsel for appellant is ordered to 1) review the entire appellate record to determine the presence of arguable grounds of error and 2) file with the clerk of this court a brief addressing potential grounds of error or an *Anders* brief and motion to withdraw conforming with the dictates of the law. Lastly, we deny appellate counsel's pending motion to withdraw.

It is so ordered.