NO. 07-02-0387-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 6, 2003


______________________________



EDWARD REVETERIANO
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 44,127-C; HON. PATRICK A. PIRTLE, PRESIDING


_______________________________


 

Order


______________________________



Before QUINN, REAVIS, and CAMPBELL, JJ.

 Edward Reveteriano (appellant) appeals his conviction for Burglary of a Habitation. 
His court-appointed counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967), therein asserting that a review of the record shows no
reversible error. The appellate record in this cause, however, is missing a portion of the
reporter's record. Specifically, the portion missing is the original guilty plea hearing held
on October 25, 2001. The issue, therefore, is whether court-appointed counsel may file
an Anders brief when the appellate record being reviewed is incomplete. For the reasons
set forth below, we conclude he cannot. 

 The purpose of an Anders brief is to support counsel's motion to withdraw. Through
it, counsel effectively illustrates to the court 1) that he performed a conscientious
examination of the record to discover potential error and 2) that the appeal is frivolous. 
Marsh v. State, 959 S.W.2d 224, 225 (Tex. App.--Dallas 1996, no pet.); Jeffery v. State,
903 S.W.2d 776, 779 (Tex. App.--Dallas 1995, no pet.). Without a complete record,
however, it cannot be said that counsel conscientiously searched for potential error and,
as a result of that search, legitimately concluded that the appeal was frivolous. See Mason
v. State, 65 S.W.3d 120 (Tex. App.--Amarillo 2001, no pet.) (striking the Anders brief
because the portion of the record containing the voir dire was missing); see also Marsh v.
State, 959 S.W.2d at 225-26 (striking the Anders brief and remanding for the appointment
of new counsel because the record was incomplete). Simply put, one cannot say that there
is no arguable merit to an appeal based upon the review of an incomplete record. 

 In the case at bar, appellate counsel represented in his Anders brief that he had
filed a request with the court reporter on November 11, 2002, to transcribe the original plea
hearing held on October 25, 2001. This request was denied. Because the original guilty
plea hearing conducted on October 25, 2001, was not transcribed and is missing from the
appellate record, we strike the Anders brief filed by appellant's counsel. We further order
the official court reporter for the 251st Judicial District Court of Potter County to 1)
transcribe all hearings and other proceedings held in Cause No. 44,127-C, styled The
State of Texas v. Edward Reveteriano that have not previously been transcribed, 2) include
the transcription in a supplemental reporter's record, and 3) file the supplemental reporter's
record with the clerk of this court on or before June 4, 2003. Within 30 days of the day on
which the supplemental record is filed with the clerk of this court, counsel for appellant is
ordered to 1) review the entire appellate record to determine the presence of arguable
grounds of error and 2) file with the clerk of this court a brief addressing potential grounds
of error or an Anders brief and motion to withdraw conforming with the dictates of the law,
as counsel may choose based upon the exercise of his professional judgment. Lastly, we
deny appellate counsel's pending motion to withdraw, at this time. 

 It is so ordered. 

 

 Per Curiam 


Do not publish.

 



 appellant's issues, we
sustain appellant's first issue. Our disposition of issue number one is dispositive of the
appeals. Accordingly, we do not consider any other issues. See Tex. R. App. P. 47.1. 

 We reverse the judgments and remand the cases for further proceedings. Tex. R.
App. P. 43.2. 

 Phil Johnson

 Chief Justice


Do not publish. 




 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.
2. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).