NO. 07-06-0314-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 27, 2008

______________________________

IN THE MATTER OF THE MARRIAGE OF
PEGGY COLLINS AND RICKY LEE TIPTON
_________________________________

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 71,990-D; HONORABLE DON EMERSON, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Appellant Ricky Tipton, proceeding pro se, appeals from the final decree of divorce
terminating his marriage with appellee Peggy Collins. Through his four points of error,
Tipton contends that: (1) the trial court erred by failing to notify him that the trial date had
been set on May 23, 2006; (2) the trial court abused its discretion by failing to acknowledge
and act on motions placed before it; (3) the trial court erred in entering a default judgment
on May 23, 2006; and (4) the trial court erred because there was no mention of community
property in the proposed mediation on Final Divorce Decree that was pronounced and
rendered on May 23, 2006. We affirm.
Â 
Background
Â Â Â Â Â Â Â Â Â Â Collins and Tipton were married on October 8, 2003 and ceased to live together as
husband and wife in February 2005. Collins filed a petition for divorce a year later,
requesting the trial court to divide the community estate and alleging she owned certain
separate property. She requested that the trial court confirm that separate property as her
separate property and estate. She further alleged that the value of the marital estate was
more than zero but less than $50,000.
Â Â Â Â Â Â Â Â Â Â Tipton filed an original answer.


 In his answer, he alleged that while Collins did
indeed own separate real property, he had significantly enhanced the property during
marriage. He asserted the value of the enhancements was $40,000 and requested that the
trial court divide the monetary value of this enhancement with other community property
as the court deemed just and proper. Tipton did not assert any property as his separate
property and did not assert the value of the entire community estate. 
Â Â Â Â Â Â Â Â Â Â Thereafter, Tipton filed several pleadings, including his Request to Court Reporter
to Make a Full Record and Preserve All Notes, a Notice of Motion and Motion for
Temporary Injunction, a Request for Hearing and Appearance by Telephone on Motion for
Temporary Injunction, a Motion for Appearance by Telephone at Final Divorce Hearing,
and a Motion to Reschedule Final Divorce Hearing and Instruct Parties to Prepare a
Written Agreement. The record does not reflect that the trial court acted on any of these
pleadings or that the trial court was ever made aware of them.
Â Â Â Â Â Â Â Â Â Â On May 23, 2006, the trial court granted the divorce and, by a final decree of divorce,
confirmed some 127 acres of real property and improvements as Collinsâ separate property
and other real property as Tiptonâs separate property. The trial court also made various
other awards to each party. The trial court later executed a Final Decree of Divorce Nunc
Pro Tunc, correcting errors in the original final decree. Tipton timely appealed. 
Analysis
Notice of Hearing
Â Â Â Â Â Â Â Â Â Â In Tiptonâs first point of error on appeal, he asserts the trial court failed to notify him
of the hearing date set for May 23, 2006. However, as Collins points out, Tiptonâs own
Motion to Reschedule Final Divorce Hearing and Instruct Parties to Prepare a Written
Agreement denotes his awareness of the hearing date. Indeed, he states âRespondent
received notice of this date through a brief letter from counsel, prior to the failed May 4,
2006 telephone call.â Consequently, Tipton had notice of the hearing date prior to May 4,
2006. 
Â Â Â Â Â Â Â Â Â Â It may be, however, that Tiptonâs true complaint is he was not provided notice at least
45 days prior to the hearing as required by Rule of Civil Procedure 245.


 The record before
us does not make clear exactly when Tipton received notice; we know only that the record
indicates that appelleeâs counsel sent notice to him on April 6, 2006 and he received notice
sometime before May 4, 2006. In any event, he did not timely and specifically object on the
basis of insufficiency of notice under Rule 245 as required. See State Farm Fire & Casualty
Co. v. Price, 845 S.W.2d 427, 432 (Tex.App.âAmarillo 1992, writ dismâd by agreement)
(stating that by âfailing to timely and specifically object to the first setting on the basis of
insufficiency of notice under rule 245, State Farm failed to preserve any error for our
reviewâ). As Collins notes, Tiptonâs request stated his awareness of the date of the hearing
and asked the trial court to reschedule. He never objected to the sufficiency or the
timeliness of the notice but only asked the court to reschedule the final hearing date until
after the trial court had ruled on his motion for telephonic appearance. No appellate
complaint about the sufficiency or timeliness of his notice of the trial date has been
preserved for our review. Tex. R. App. P. 33.1. We overrule Tiptonâs first point of error.
Tiptonâs Motions Before the Trial Court
Â Â Â Â Â Â Â Â Â Â In his second point of error, Tipton asserts the trial court erred by failing to rule
explicitly on a number of pleadings requesting action by the trial court. Collins argues that
Tipton failed to take any steps to bring any of these requests to the attention of the trial
court and thus, it was not an abuse of discretion for the trial court to fail to take action. 
Â Â Â Â Â Â Â Â Â Â We do not find in the record any indication that Tipton objected or otherwise raised
this point before the trial court. To preserve a complaint for appellate review, a party must
present a timely objection to the trial court, state the specific grounds for the objection, and
obtain a ruling. Likewise, if the court refused to rule, the complaining party must have
objected to the refusal. Tex. R. App. P. 33.1(a). Therefore, Tipton has not preserved his
complaint for appeal and we overrule his second point of error. Tex. R. App. P. 33.1(a).
Entry of Default Judgment
Â Â Â Â Â Â Â Â Â Â Via his third point of error, Tipton contends the trial court erred in entering a default
judgment on May 23, 2006. Collins correctly points out that pursuant to Rule of Civil
Procedure 324, one must set forth a point in a motion for new trial challenging the failure
to set aside a judgment by default. Tex. R. Civ. P. 324; Massey v. Columbia State Bank,
35 S.W.3d 697, 699 (Tex.App.âHouston [1st Dist.] 2001, pet. denied). Because Tipton
failed to file a Motion for New Trial, he has failed to preserve his complaint for our review. 
Tex. R. App. P. 33.1. 
Â Â Â Â Â Â Â Â Â Â However, Tiptonâs appeal can also be regarded as a challenge to the factual
sufficiency of the evidence supporting the trial courtâs default judgment. In a case tried to
the court, the appealing party need not file a motion for new trial to preserve legal or factual
sufficiency points on appeal. See Tex. R. Civ. P. 324(a), (b); In re Marriage of Parker, 20
S.W.3d 812, 816 (Tex.App.âTexarkana 2000, no pet.); OâFarrill Avila v. Gonzalez, 248
(Tex.App.âSan Antonio 1998, pet. denied). Underlying Tiptonâs complaints on appeal is
his contention that because he was unable to participate in the divorce proceedings, he was
not able to bring forth evidence concerning the division of the marital property or evidence
to support his claims regarding his entitlement to reimbursement. Thus, appellant argues,
the court considered only Collinsâ evidence in reaching its judgment and in doing so,
rendered a judgment based on insufficient evidence.
Â 
Â Â Â Â Â Â Â Â Â Â On the record before us, we cannot find the evidence insufficient to support the trial
courtâs judgment. Trial courts have wide discretion in making a just and right division of
marital property. Tex. Fam. Code Ann. Â§ 7.001 (Vernon 2006). Appellate courts must
indulge every reasonable presumption in favor of the trial courtâs proper exercise of
discretion in dividing marital property. Murff v. Murff, 615 S.W.2d 696, 698 (Tex. 1981); In
re Marriage of Humble, No. 07-06-0201-CV, 2008 WL 55111 (Tex.App.âAmarillo, Jan. 4,
2008, no pet.) (mem. op.). When an appellant challenges the trial courtâs order on legal
or factual sufficiency grounds, we do not treat these as independent grounds of reversible
error but, instead, consider them as factors relevant to our assessment of whether the trial
court abused its discretion. Zorilla v. Wahid, 83 S.W.3d 247, 253 (Tex.App.âCorpus Christi
2002, no pet.); Crawford v. Hope, 898 S.W.2d 937, 940-41 (Tex.App.âAmarillo 1995, writ
denied); Thomas v. Thomas, 895 S.W.2d 895, 898 (Tex.App.âWaco 1995, writ denied). 
Â Â Â Â Â Â Â Â Â Â Here, Collins testified at the hearing. Her testimony, while brief, confirmed, among
other things, the community and separate property of the parties. From the record before
us, we cannot say the trial courtâs division of the marital property involved an abuse of
discretion. Accordingly, we overrule Tiptonâs third point of error. 
Community PropertyÂ Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Tiptonâs fourth point of error is unclear. Appellant first challenges the failure to
include certain community property in the Proposed Mediation on Final Divorce Decree and
argues that because of this failure, the mediation was not successful. We do not have the
Proposed Mediation in the record before us and cannot consider Tiptonâs exhibits attached
to his brief. See WorldPeace v. Commission for Lawyer Discipline, 183 S.W.3d 451, 465,
n.23 (Tex.App.âHouston [14th Dist.] 2005, no pet.). Â 
Â Â Â Â Â Â Â Â Â Â We believe, however, appellant is actually complaining that the trial court failed to
divide certain assets in the final decree and erred with regard to appellantâs entitlement to
reimbursement.


 Appellant supports his argument with several documents attached to his
brief. As noted previously, we cannot consider the attachments and can only act on the
record before us. See WorldPeace, 183 S.W.3d at 465, n.23; Cherqui v. Westheimer Street
Festival Corp., 116 S.W.3d 337, 342, n.2 (Tex.App.âHouston [14th Dist.] 2003, no pet.)
(noting that âwe cannot consider documents attached as appendices to briefs and must
consider a case based upon the record filedâ). Tiptonâs fourth point of error presents
nothing for us to review on appeal. We overrule Tiptonâs fourth point of error.Â 
Â Â Â Â Â Â Â Â Â Â We affirm the trial courtâs entry of the Final Decree of Divorce.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â James T. Campbell

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Â 
Â 



p>

Â 

PANEL D

Â 



JULY
20, 2011

Â 



Â 

HUDSON LEE PHARRIES,  

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellant


v.

Â 

THE STATE OF TEXAS,Â  

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellee

___________________________

Â 

FROM THE 20TH DISTRICT COURT OF MILAM
COUNTY;

Â 

NOS. CR22,778 & CR22,781; HONORABLE
ED MAGRE, PRESIDING

Â 



Â 

Order of
Abatement

Â 



Â 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Hudson Lee
Pharries (appellant)
appeals his convictions for aggravated sexual assault of a child and indecency
with a child by contact.Â  Appellant plead
guilty to both indictments without an agreement as to punishment. Â His court-appointed counsel filed a brief pursuant to Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), therein
asserting that a review of the record shows no reversible error.Â  The appellate record in this cause, however,
is missing a portion of the reporter's record and clerkÂs record.Â  Specifically, the portion missing in the
reporterÂs record is the original guilty plea hearing held on September 13,
2010, and the clerkÂs record does not contain the report from Dr.
Pugliese.Â  The issue, therefore, is
whether court-appointed counsel may file an Anders brief when the
appellate record being reviewed is incomplete.Â 
For the reasons set forth below, we conclude he cannot.Â  

Â Â Â Â Â Â Â Â Â Â Â  The
purpose of an Anders brief is to support counsel's motion to
withdraw.Â  Through it, counsel
effectively illustrates to the court 1) that he performed a conscientious
examination of the record to discover potential error and 2) that the appeal is
frivolous.Â  Marsh v. State, 959
S.W.2d 224, 225 (Tex. App.ÂDallas 1996, no pet.); Jeffery v. State, 903 S.W.2d 776, 779 (Tex.
App.ÂDallas 1995, no
pet.).Â  Without a complete record,
however, it cannot be said that counsel conscientiously searched for potential
error and, as a result of that search, legitimately concluded that the appeal
was frivolous.Â  See Mason v. State, 65
S.W.3d 120 (Tex. App.ÂAmarillo 2001, no pet.) (striking the Anders brief because the
portion of the record containing the voir dire was missing); see also Marsh
v. State, 959 S.W.2d at 225-26 (striking the Anders brief and
remanding for the appointment of new counsel because the record was
incomplete).Â  Simply put, one cannot say
that there is no arguable merit to an appeal based upon the review of an
incomplete record. 

Â Â Â Â Â Â Â Â Â Â Â  In
the case at bar, appellate counsel represented in his Anders brief that
the psychological evaluation was not part of the record even though the State
requested that the trial court take judicial notice of same.Â  Because the original guilty plea hearing
conducted on September 13, 2010, was not transcribed and is missing from the
appellate record, and appellantÂs psychological evaluation is missing as well, we
strike the Anders brief filed by appellant's counsel.Â  We further order the official court reporter
for the 20th Judicial District Court of Milam County to 1) transcribe all
hearings and other proceedings held in Cause Nos. CR22,778 and CR22,781, styled
The State of Texas v. Hudson Lee Pharries that have not previously been
transcribed, 2) include the transcription in a supplemental reporter's record,
and 3) file the supplemental reporter's record with the clerk of this court on
or before August 19, 2011.Â Â  Furthermore,
we order the district clerk for Milam County to include in a supplemental
clerkÂs record any and all psychological evaluations (including any performed
by Dr. Pugliese of appellant) of which the trial court took judicial notice and
file same with the clerk of this court on or before August 19, 2011.Â  Within thirty days of the day on which the
supplemental records are filed with the clerk of this court, counsel for
appellant is ordered to 1) review the entire appellate record to determine the
presence of arguable grounds of error and 2) file with the clerk of this court
a brief addressing potential grounds of error or an Anders brief and
motion to withdraw conforming with the dictates of the law, as counsel may
choose based upon the exercise of his professional judgment.Â  Lastly, we deny appellate counsel's pending
motion to withdraw, at this time.Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â  It is so
ordered. Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Per
Curiam 

Do not publish.

Â