NO. 07-11-0029-CR
NO. 07-11-0030-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 20, 2011

_____

HUDSON LEE PHARRIES,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 20TH DISTRICT COURT OF MILAM COUNTY;

NOS. CR22,778 & CR22,781; HONORABLE ED MAGRE, PRESIDING

_____

***Order of Abatement***

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Hudson Lee Pharries (appellant) appeals his convictions for aggravated sexual assault of a child and indecency with a child by contact. Appellant plead guilty to both indictments without an agreement as to punishment. His court-appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), therein asserting that a review of the record shows no reversible error. The appellate record in this cause, however, is missing a portion of the reporter's record and

clerk's record. Specifically, the portion missing in the reporter's record is the original guilty plea hearing held on September 13, 2010, and the clerk's record does not contain the report from Dr. Pugliese. The issue, therefore, is whether court-appointed counsel may file an *Anders* brief when the appellate record being reviewed is incomplete. For the reasons set forth below, we conclude he cannot.

The purpose of an *Anders* brief is to support counsel's motion to withdraw. Through it, counsel effectively illustrates to the court 1) that he performed a conscientious examination of the record to discover potential error and 2) that the appeal is frivolous. *Marsh v. State*, 959 S.W.2d 224, 225 (Tex. App.–Dallas 1996, no pet.); *Jeffery v. State*, 903 S.W.2d 776, 779 (Tex. App.–Dallas 1995, no pet.). Without a complete record, however, it cannot be said that counsel conscientiously searched for potential error and, as a result of that search, legitimately concluded that the appeal was frivolous. *See Mason v. State,* 65 S.W.3d 120 (Tex. App.–Amarillo 2001, no pet.) (striking the *Anders* brief because the portion of the record containing the voir dire was missing); *see also Marsh v. State*, 959 S.W.2d at 225-26 (striking the *Anders* brief and remanding for the appointment of new counsel because the record was incomplete). Simply put, one cannot say that there is no arguable merit to an appeal based upon the review of an incomplete record.

In the case at bar, appellate counsel represented in his *Anders* brief that the psychological evaluation was not part of the record even though the State requested that the trial court take judicial notice of same. Because the original guilty plea hearing conducted on September 13, 2010, was not transcribed and is missing from the appellate record, and appellant's psychological evaluation is missing as well, we strike

2

the *Anders* brief filed by appellant's counsel. We further order the official court reporter for the 20th Judicial District Court of Milam County to 1) transcribe all hearings and other proceedings held in Cause Nos. CR22,778 and CR22,781, styled The State of Texas v. Hudson Lee Pharries that have not previously been transcribed, 2) include the transcription in a supplemental reporter's record, and 3) file the supplemental reporter's record with the clerk of this court on or before August 19, 2011. Furthermore, we order the district clerk for Milam County to include in a supplemental clerk's record any and all psychological evaluations (including any performed by Dr. Pugliese of appellant) of which the trial court took judicial notice and file same with the clerk of this court on or before August 19, 2011. Within thirty days of the day on which the supplemental records are filed with the clerk of this court, counsel for appellant is ordered to 1) review the entire appellate record to determine the presence of arguable grounds of error and 2) file with the clerk of this court a brief addressing potential grounds of error or an *Anders* brief and motion to withdraw conforming with the dictates of the law, as counsel may choose based upon the exercise of his professional judgment. Lastly, we deny appellate counsel's pending motion to withdraw, at this time.

It is so ordered.

Per Curiam

Do not publish.