# NO. 12-11-00157-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT
# TYLER, TEXAS

| | | |
|---|---|---|
| *JASON LYNN NICHOLS,* *APPELLANT* | § | *APPEALS FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *PER CURIAM ORDER*

Jason Lynn Nichols appeals his conviction for two counts of aggravated perjury. Appellant's counsel filed a motion to withdraw, and a brief asserting compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant filed a pro se brief. We strike counsel's brief, abate this case and remove it from our active docket, grant counsel's motion to withdraw, and remand this case to the trial court with instructions to appoint new appellate counsel.

## BACKGROUND

Appellant was charged by indictment with two counts of aggravated perjury, a third degree felony.[1] Appellant entered an "open" plea of guilty to the offense charged in the indictment. Appellant and his counsel signed various documents in connection with his guilty plea, including a stipulation of evidence and judicial confession, stating that he judicially confesses to the offense alleged in the indictment or complaint and information and admits that he committed each and every element alleged in the complaint and information, and that he was guilty as charged.

After a punishment hearing, the trial court adjudged Appellant guilty of two counts of

---

[1] *See* TEX. PENAL CODE ANN. § 37.03(a), (b) (West 2011).

aggravated perjury and assessed his punishment at eight years of imprisonment for each count, to run concurrently, and court costs.[2]  Appellant's trial counsel timely filed a notice of appeal and motion for new trial.  Approximately three months after the punishment hearing, Appellant, appearing pro se, filed a formal bill of exception, complaining about errors committed by his trial counsel, the district attorney of Anderson County, Texas, and the assistant district attorney who prosecuted his case.

## *ANDERS* **REVIEW**

Because Appellant's counsel has filed a motion to withdraw and a brief asserting compliance with *Anders*, we must determine whether such compliance has been achieved.

### Right to Counsel

The Supreme Court has extended an indigent criminal defendant's right to appointed counsel to a first appeal when the right to such an appeal is provided by state law.  ***Douglas v. California***, 372 U.S. 353, 356-57, 83 S. Ct. 814, 816, 9 L. Ed. 2d 811 (1963).  Appointed appellate counsel, however, is not permitted to make frivolous arguments on appeal.  ***McCoy v. Ct. App. of Wis., Dist. 1***, 486 U.S. 429, 436, 108 S. Ct. 1895, 1901, 100 L. Ed. 2d 440 (1988).  In *Anders*, the Supreme Court recognized a limited exception to these requirements and created a procedure for remedying the conflict between an appellant's right to appointed counsel to present his appeal and the attorney's duty not to make frivolous arguments on appeal.  ***Jeffery v. State***, 903 S.W.2d 776, 779 (Tex. App.—Dallas 1995, no pet.). The Texas Court of Criminal Appeals has adopted the *Anders* procedure for evaluating a lawyer's claim that his indigent criminal defendant client's appeal is frivolous.  ***In re Schulman***, 252 S.W.3d 403, 410 (Tex. Crim. App. 2008) (orig. proceeding).

If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.  *Jeffery*, 903 S.W.2d at 779 (citing *McCoy*, 486 U.S. at 437, 108 S. Ct. at 1901; *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400).  To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that

---

[2] An individual adjudged guilty of a third degree felony shall be punished by imprisonment for any term of not more than ten years or less than two years and, in addition, a fine not to exceed \$10,000. TEX. PENAL CODE ANN. § 12.34 (West 2011).

the appeal is frivolous.[3]  *Id*. (citing *McCoy*, 486 U.S. at 439, 108 S. Ct. at 1902; *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400).  This brief in support of the motion to withdraw is the document now commonly denominated an "*Anders*" brief.  *Id*.

## Counsel's Review

Determining that an appeal is "frivolous" is not a conclusion to be reached lightly by counsel.  *Johnson v. State*, 885 S.W.2d 641, 645 (Tex. App.—Waco 1994, pet. ref'd), *modified by Wilson v. State*, 955 S.W.2d 693 (Tex. App.—Waco 1997, no pet.).  As described by the United States Supreme Court, appellate counsel has the duty to "master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on appeal."  *McCoy*, 486 U.S. at 438, 108 S. Ct. at 1902.  "In searching for the strongest arguments available, the attorney must be zealous and must resolve all doubts and ambiguous legal questions in favor of his or her client."  *Id*., 486 U.S. at 444, 108 S. Ct. at 1905.  If the only theories that the attorney can discover after the conscientious review of the record and the law are "arguments that cannot conceivably persuade the court," then the appeal should be considered frivolous.  *Id*., 486 U.S. at 436, 108 S. Ct. at 1901.  "However, we stress that any point which is 'arguable on [the] merits' is, by definition, not frivolous."  *Johnson*, 885 S.W.2d at 645 (quoting *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400).

## Counsel's *Anders* Brief

A brief in support of a motion to withdraw is a device for assuring that the indigent defendant's constitutional rights have been "scrupulously honored."  *McCoy*, 486 U.S. at 444, 108 S. Ct. at 1904.

> The *Anders* brief reflects the fact that the appointed attorney had adequately researched the case before requesting to withdraw from further representation. It also sets out the attorney's due diligence investigation on behalf of his client. It has an additional use for the appellate courts: it provides them with a roadmap for their review of the record because the court itself must be assured that the attorney has made a legally correct determination that the appeal is frivolous. It has an additional use for the defendant: it provides him with appropriate citations to the record if he wishes to exercise his right to file a *pro se* brief. And it has an additional use for the appointed attorney: it protects him "from the constantly increasing charge that he was ineffective and had not handled the case with that diligence to which an indigent defendant is entitled."

*In re Schulman*, 252 S.W.3d at 407-08 (quoting *Anders*, 386 U.S. at 745, 87 S. Ct. at 1400).

---

[3] The procedural safeguards of *Anders* apply to counsel appointed to represent an indigent appellant. They do not apply to retained attorneys.  *Jeffery*, 903 S.W.2d at 779 n.3.

As applied in Texas, the ultimate test of an *Anders* brief is whether it contains a "professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced." *Johnson*, 885 S.W.2d at 646 (quoting *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978)); *see Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). In Texas, an *Anders* brief need not specifically advance "arguable" issues if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities. *In re Schulman*, 252 S.W.3d at 406 n.9. However, counsel "must" "refer[] to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see In re Schulman*, 252 S.W.3d at 406 n.9. Further, "this court will not accept [*Anders*] briefs unless they discuss the evidence adduced at the trial, point out where pertinent testimony may be found in the record, refer to pages in the record where objections were made, the nature of the objection, the trial court's ruling, and discuss either why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the court."[4] *Johnson*, 885 S.W.2d at 646 (quoting *High*, 573 S.W.2d at 813).

**Counsel's Motion to Withdraw**

As we have explained, counsel's motion to withdraw must be supported by an *Anders* brief. In addition to this requirement, other prerequisites must be met before an appellate court will grant his motion. As explained by the court of criminal appeals,

> the court of appeals will not grant that motion until:
>
> (1) the attorney has sent a copy of his *Anders* brief to his client along with a letter explaining that the defendant has the right to file a *pro se* brief within thirty days, and he has ensured that his client has, at some point, been informed of his right to file a *pro se* PDR; [and]
>
> (2) the attorney has informed the court of appeals that he has performed the above duties[.]

*In re Schulman*, 252 S.W.3d at 408. One way to inform the court of appeals is for counsel "to provide this court a copy of a letter sent to the defendant with [counsel's] brief in support of the motion to withdraw in which counsel has outlined the defendant's [pro se] rights and the steps

---

[4] Counsel should not pray for a reversal in a brief filed in support of a motion to withdraw from a frivolous appeal. *Johnson*, 885 S.W.2d at 646. Nor should counsel pray that the appellate court affirm the trial court's judgment. *Jeffery*, 903 S.W.2d at 779-80. The correct prayer in an *Anders* brief is that the appellate court grant counsel's motion to withdraw. *Id*. at 780.

necessary to exercise those rights."[5] *Id*. at 408 n.22 (quoting *Johnson*, 885 S.W.2d at 647 n.1). Of course, any written explanation of such rights should include that the defendant has the right to review the record to determine what issues to raise in his pro se brief. *Johnson*, 885 S.W.2d at 646 (citing *McMahon v. State*, 529 S.W.2d 771, 772 (Tex. Crim. App. 1975)).

## Appellate Review

To satisfy federal constitutional concerns, a court of appeals "must" be satisfied "that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal." *Id*. at 647 (quoting *McCoy*, 486 U.S. at 442, 108 S. Ct. at 1904). This task requires that the court examine counsel's motion to withdraw and brief for compliance with the rules set forth above. *See id*. Ordinarily, if counsel's motion and brief do not comply with these requirements, the court should take steps necessary to facilitate compliance by counsel. *See Jeffery*, 903 S.W.2d at 779-80; *see also Ezernack v. State*, No. 12-01-00213-CR, 2002 WL 1610028, at *1-2 (Tex. App.—Tyler July 17, 2002, no pet.) (not designated for publication); *but see Jeffery*, 903 S.W.2d at 780 (granting counsel's motion to withdraw and remanding for appointment of new appellate counsel based on omissions in counsel's brief).

Once a court of appeals is satisfied that counsel has discharged his constitutional duty, the court must determine if the appeal is wholly frivolous. *Johnson*, 885 S.W.2d at 647. A court of appeals "will not" grant a motion to withdraw until "the defendant has had time in which to file a [pro se] response" and "the court of appeals has itself reviewed the record, the *Anders* brief, and any [pro se] brief." *In re Schulman*, 252 S.W.3d at 408-09. "If the court of appeals decides that there are any colorable claims for appeal, it will: (1) grant the original attorney's motion to withdraw; and (2) abate the case and send it back to the trial court to appoint a new attorney with directions to file a merits brief." *Id*. at 409.

## Discussion

Counsel has not complied with the prerequisites of *Anders* and its progeny. Counsel's brief does not provide a professional evaluation of the record demonstrating why there are no arguable issues. *See Johnson*, 885 S.W.2d at 646. His brief contains no analysis or explanation of the validity of the indictment, pretrial matters, the facts or procedural history of the case, or the sufficiency of the evidence to support Appellant's guilty plea. Counsel's brief does not summarize

---

[5] A defendant who fails to keep his attorney informed of his current address forfeits the right to receive a copy of the *Anders* brief and the right to file a pro se brief. *In re Schulman*, 252 S.W.3d at 408 n.21.

the evidence at punishment even though the reporter's record contains two volumes consisting of over 375 pages of testimony and argument, fourteen witnesses, and two large volumes of exhibits offered during punishment. *See id*. Likewise, counsel fails to address Appellant's pro se formal bill of exception or the effectiveness of trial counsel at any point during his representation of Appellant.

Although Appellant's trial counsel requested a reporter's record of the plea hearing, there is no transcription of the plea hearing in the record nor does counsel make any reference to this omission. Without a complete record, it cannot be said that counsel conscientiously searched for potential error. *See **Mason v. State***, 65 S.W.3d 120, 120 (Tex. App.—Amarillo 2001, no pet.) (reaching a similar conclusion where appellate record did not include transcription of voir dire). Further, such an omission can undermine an attorney's conclusion that the appeal is frivolous. *See id*. ("Simply put, one cannot say that there is no arguable merit to an appeal based upon the review of an incomplete record."). In addition, counsel's brief discusses only one objection made by Appellant's trial counsel, a "vague objection to the relevancy of" State's Exhibit 34. In his brief, counsel points out that Article 37.07, Section 3(a)(1) of the Texas Code of Criminal Procedure states that "evidence may be offered by the State and the defendant as to any matter the court deems relevant to sentencing." However, counsel does not provide this court with a description of the exhibit, the trial court's ruling on Appellant's objection, an explanation of why this exhibit was relevant to sentencing, or an explanation of why Appellant was not harmed by the trial court's ruling. *See **Johnson***, 885 S.W.2d at 646.

Moreover, Appellant filed a pro se brief in which he raised the following issues:[6] (1) the evidence is insufficient to conclude guilt beyond a reasonable doubt; (2) his guilty plea was entered involuntarily as a result of trial counsel's failure to investigate; (3) the trial court abused its discretion by failing to acknowledge his formal bill of exception containing exculpatory evidence; (4) trial counsel's representation was ineffective because he failed to correct errors in the presentence investigation report and failed to object to the sentence based on the erroneous PSI and unproven allegations; (5) trial counsel's representation was ineffective because he failed to investigate the State's files and present mitigating evidence; and (6) trial counsel's representation was ineffective because he failed to object to the assistant district attorney's false statements and

---

[6] We have construed Appellant's pro se brief and interpreted the issues raised therein liberally in the interest of justice.

6

the introduction of unproven extraneous offenses.

Determining that an appeal is "frivolous" is not a conclusion to be reached lightly by counsel. *See id*. at 645. Instead, counsel must first "master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on appeal." *See McCoy*, 486 U.S. at 438, 108 S. Ct. at 1902. And counsel "must resolve all doubts and ambiguous legal questions in favor of his or her client." *See id*., 486 U.S. at 444, 108 S. Ct. at 1905. Counsel's brief reflects that he has not discharged these duties under *Anders*.

## CONCLUSION

For the foregoing reasons, we strike counsel's brief as inadequate. As required by *In re Schulman* and *Stafford,* Appellant's counsel has moved for leave to withdraw. *See In re Schulman*, 252 S.W.3d at 407; *Stafford*, 813 S.W.2d at 511. We carried the motion for consideration with the merits of the appeal. Because we have concluded that new counsel should be appointed, we grant Appellant's counsel's motion for leave to withdraw.

We *abate* the appeal and *remand* the case to the trial court. We order the trial court to appoint new counsel to represent Appellant, review the record, and file a brief for Appellant. *See Guerrero v. State*, 64 S.W.3d 436, 441 (Tex. App.—Waco 2001, no pet.) (citing *Penson v. Ohio*, 488 U.S. 75, 83-84, 109 S. Ct. 346, 351-52, 102 L. Ed. 2d 300 (1988)). We further order the trial court to inform this court in writing of the identity of Appellant's new counsel and the date counsel is appointed. Appellant's brief will be due *thirty* days after the trial court makes the appointment. The State's brief will be due *thirty* days after the Appellant's brief is filed. The case is removed from our active docket and will automatically be reinstated *thirty* days after the appointment of new counsel.

Order entered March 28, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*