

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

Nos. 02-18-00016-CR
02-18-00017-CR

MICHAEL CHARLES CHADMAN, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 415th District Court
Parker County, Texas
Trial Court No. CR17-0425, CR17-0427

---

### ORDER

In response to our September 21, 2018 order, the court reporter has filed with this court a supplemental reporter's record of the August 21, 2017 pretrial hearing in the trial court. She also filed a duplicate copy of the supplemental reporter's record with the trial court clerk in accordance with appellate procedure rule 34.6(h). Tex. R. App. P. 34.6(h). Additionally, appellant has filed two pro se Motions for Discovery

seeking copies of additional items to prepare his pro se response to his counsel's *Anders* brief. The reporter's and appellant's filings raise several issues in this appeal.

<u>Incomplete Record</u>

Before the trial court appointed appellate counsel, trial counsel filed a designation of items to be filed in both the clerk's and reporter's records. This court is concerned that it might not have a complete appellate record.

With regard to the reporter's record, trial counsel sought to have the following included in the appellate record: "[a]ll matters heard outside the presence of the jury, including pre-trial." If the reporter transcribed any pretrial hearings other than the August 21, 2017 hearing, she has not included those in the reporter's record.

With regard to the clerk's record, trial counsel designated "[a]ll motions and pleadings filed by the state or defendant and not otherwise required to be included under Rule 34.5(a), Texas Rules of Appellate Procedure" and "[a]ll orders issued by the Court and not otherwise required to be included under Rule 34.5(a), Texas Rules of Appellate Procedure." In his pro se motions, copies of which are attached, appellant appears to complain that some motions and rulings are missing from the clerk's record. We cannot ascertain whether this is correct or whether appellant is seeking matters not made a part of the clerk's record.

Accordingly, we order the court reporter and trial court clerk to review their respective parts of the appellate record to determine whether they have filed in this court all items designated by trial counsel, including any sealed items. *See* Tex. R. App.

P. 35.3(c) (assigning joint responsibility to appellate court and trial court to ensure appellate record timely filed). If any of those items have not been included, we order the reporter and trial court clerk to file supplemental records containing the missing items with this court on or before **November 16, 2018**, so that this court has a complete record. If the reporter and trial court clerk determine that this court has a complete appellate record and that no further supplementation is necessary, they shall inform this court in writing on or before **November 16, 2018**.

### *Anders* Brief Not Compliant

Because appointed appellate counsel filed an *Anders* brief before the filing of a complete appellate record, we cannot say at this time that he has performed his duty to diligently and thoroughly search the record for any arguable claim that might support the appeal. *See, e.g.*, *Delgado v. State*, No. 07-98-00169-CR, 1998 WL 813437, at *2 (Tex. App.—Amarillo Nov. 23, 1998, order); *Marsh v. State*, 959 S.W.2d 224, 225 (Tex. App.—Dallas 1996, order). Accordingly, **no later than 14 days after this court's receipt of a complete appellate record—or notification that the current appellate record is complete**—appellant's appointed appellate counsel must either (1) file a supplement to his *Anders* brief and motion to withdraw based on a review of the entire record or (2) move this court to strike the *Anders* brief and accompanying motion to withdraw and file an appellant's brief raising an arguable ground or grounds for review. Because counsel's review of additional parts of the record might reveal arguable grounds for appeal, **appellant's pro se response is not due at this time**.

This court will set a due date for appellant's pro se response if appellate counsel files a supplemental *Anders* brief instead of a brief raising an arguable ground for appeal.

Copy of Appellate Record to Pro Se Appellant

To the extent that the trial court clerk has not yet forwarded a copy of the entire appellate record or otherwise made it available to appellant,[1] we suspend our September 21, 2018 order until (a) we have received a complete appellate record and (b) we have received additional or supplemental briefing from appellate counsel. We will provide further guidance to the trial court clerk at that time.

The clerk of this court is directed to transmit a copy of this order to the attorneys of record, appellant, the trial court judge, the trial court clerk, and the court reporter.

Dated October 16, 2018.

Per Curiam

---

[1] *See Kelly v. State*, 436 S.W.3d 313, 321 & n.24 (Tex. Crim. App. 2014) (noting that if court of appeals orders trial court clerk to make the duplicate record copy available to an incarcerated appellant, it "generally requires the trial court to forward a physical copy to the appellant" and that electronic copy of record could be sent to warden of incarcerated appellant's unit "with explicit instructions to provide the appellant with supervised access to a computer upon which to review it or print it out").