# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00740-CR

**Timothy Carlton Johnson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY
### NO. 20-00068-2, THE HONORABLE BURT CARNES, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Timothy Carlton Johnson has appealed his conviction for the offense of criminal trespass. His court-appointed counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), arguing that the appeal is frivolous. In response, Johnson filed a motion for pro se access to the record, which this Court granted.

Following his receipt of the record, Johnson informed this Court that the reporter's record was incomplete. Specifically, he claimed that the records of pretrial hearings held in August 2020, October 2020, and February 2021 were missing. This Court contacted the court reporter about those hearings, and she advised us that she was not the court reporter at the times those hearings were held. We then contacted the previous court reporter, who informed us that there was no record taken of the October 2020 hearing but that there were records taken of the August 2020 and February 2021 hearings. The court reporter informed us that she would file

the record of the February 2021 hearing by August 25, 2023. However, the court reporter informed us that the record of the August 2020 hearing was "gone" and that she no longer has a copy of it.

When a portion of a reporter's record is lost or destroyed, an appellant is entitled to a new trial if, among other requirements, a significant portion of the court reporter's notes and records has been lost or destroyed, the lost or destroyed portion of the reporter's record is necessary to the appeal's resolution, and the lost or destroyed portion of the reporter's record cannot be replaced by agreement of the parties. *See* Tex. R. App. P. 34.6(f); *Nava v. State*, 415 S.W.3d 289, 305 (Tex. Crim. App. 2013); *Routier v. State*, 112 S.W.3d 554, 570-71 (Tex. Crim. App. 2003). "A court reporter's notes and records, or portions thereof, can be considered 'lost' only if the missing portions of the appellate record are irretrievable." *Johnson v. State*, 151 S.W.3d 193, 196 (Tex. Crim. App. 2004); *Cooks v. State*, 324 S.W.3d 925, 927-28 (Tex. App.—Waco 2010) (per curiam order).

In order to determine whether the record of the August 2020 hearing satisfies these requirements, we must abate the appeal and remand the case to the trial court to conduct a hearing to address factual matters relating to the missing record, including any issues that were discussed at the August 2020 hearing, whether any motions were argued by the parties or rulings were made by the trial court at that hearing, and whether the record of that hearing is "irretrievably" lost or can be replaced by agreement of the parties. The trial court should also confirm that there was no record taken of the October 2020 hearing. However, if it finds that a record of that hearing was taken, the trial court should make the same determinations regarding that hearing as it makes regarding the August 2020 hearing.

2

The trial court shall prepare written findings of fact and conclusions of law regarding these matters. The district clerk shall prepare a supplemental clerk's record containing those findings of fact and conclusions of law as well as any documents or orders relating to the hearing on remand. The court reporter shall prepare a transcription of the hearing on remand and file that transcription as a supplemental reporter's record in this appeal. The district clerk and the court reporter shall file their supplemental records with the Clerk of this Court within 30 days of the date of this order, and the appeal will be reinstated in this Court at that time.

Additionally, because the appellate record was incomplete at the time counsel filed his *Anders* brief, we cannot conclude that counsel satisfied his duty to conduct a conscientious and thorough examination of the entire record before filing his brief. *See Kelly v. State*, 436 S.W.3d 313, 318-19 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 406-07 (Tex. Crim. App. 2008); *Marsh v. State*, 959 S.W.2d 224, 225-26 (Tex. App.—Dallas 1996, no writ). Accordingly, we strike counsel's *Anders* brief and deny his motion to withdraw. *See Mason v. State*, 65 S.W.3d 120, 120-21 (Tex. App.—Amarillo 2001, no pet.) (per curiam). We instruct counsel to file a new appellant's brief no later than 30 days after the date the appeal is reinstated.

It is so ordered August 25, 2023.


Before Justices Baker, Triana, and Smith

Abated and Remanded

Filed:   August 25, 2023

Do Not Publish

3