

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00445-CR

---

ERVIN JOSE OSORIO MIRANDA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 64th District Court
Castro County, Texas
Trial Court No. A4209-2205, Honorable Danah L. Zirpoli, Presiding

---

June 13, 2024

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Ervin Jose Osorio Miranda, appeals his conviction for continuous sexual abuse of a young child[1] and 30-year sentence of confinement. Appellant's counsel has filed a motion to withdraw, supported by an *Anders*[2] brief. In the brief, counsel certifies he conducted a conscientious examination of the record and believes the record reflects

---

[1] *See* TEX. PENAL CODE ANN. § 21.02(b).

[2] *See Anders v. California*, 386 U.S. 738, 744 (1967).

no reversible error upon which an appeal can be based. *Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). However, due to omissions in the appellate record, we cannot agree with counsel's assessment at this time. Counsel, therefore, may not seek to withdraw at this stage based on a conclusion that the appeal is frivolous. *See Pharries v. State,* No. 07-11-00029-CR, 2011 Tex. App. LEXIS 5587 (Tex. App.—Amarillo July 20, 2011, per curiam order) (not designated for publication).

Ruling on Appellant's motion to suppress his recorded statement

In a motion seeking suppression of his recorded statement, Appellant argued, among other things that any statement by him was involuntary and was the result of an illegal interrogation. The court heard Appellant's motion to suppress outside the presence of the jury and denied the motion without comment or elaboration. Code of Criminal Procedure article 38.22, section 6 provides in part:

> If the statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based, which order shall be filed among the papers of the cause.

TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6. The record does not contain an order including the findings required by article 38.22, section 6. When a trial court does not make findings of fact and conclusions of law in compliance with article 38.22, section 6 we must abate the appeal and remand the cause to permit compliance with the statute. *Hernandez v. State,* Nos. 07-11-00039-CR, 07-11-00040-CR, 2011 Tex. App. LEXIS 9547 (Tex. App.—Amarillo Dec. 6, 2011, per curiam order) (not designated for publication).

2

<u>Rulings on reliability of outcry witnesses</u>

In a May 12, 2023 letter to the parties, the trial court referenced hearings of May 4 and May 12, 2023, and announced its rulings on the reliability of three statements made to two outcry witnesses. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(b)(2) (hearing requirement for reliability determination). These decisions were apparently based on evidence presented at one or both of the hearings. Counsel for Appellant referred to the May 12 hearing as a "705 hearing," possibly referring to TEX. R. EVID. 705. The record does not reflect whether the court conducted a pretrial *Daubert*/*Kelly* hearing concerning the testifying experts. Because the reporter's records from these hearings are not included in the appellate record, we cannot determine at this time whether counsel's assessment regarding the frivolous nature of pursuing any appeal is accurate.

An *Anders* brief functions to support counsel's motion to withdraw. *Pharries,* 2011 Tex. App. LEXIS 5587, at *1. Through the *Anders* brief, counsel demonstrates to the appellate court 1) he performed a conscientious examination of the record to discover potential error and 2) the appeal is frivolous. *Id.* at *1–2 (citing *Marsh v. State,* 959 S.W.2d 224, 225 (Tex. App.—Dallas 1996, no pet.); *Jeffery v. State,* 903 S.W.2d 776, 779 (Tex. App.—Dallas 1995, no pet.)). However, if the record is incomplete, neither counsel nor the appellate court can determine whether Appellant's appeal lacks merit. *Id.* at *2 (citing *Mason v. State,* 65 S.W.3d 120 (Tex. App.—Amarillo 2001, no pet.) (striking the *Anders* brief because the portion of the record containing the voir dire was missing); *Marsh v. State,* 959 S.W.2d at 225–26 (striking the *Anders* brief and remanding for the appointment of new counsel because the record was incomplete)).

We accordingly abate the appeal and remand the case to the trial court for compliance with the following:

1. Within 60 days following the date of this order, the trial court is ordered to take the steps necessary to comply with article 38.22, section 6, of the Code of Criminal Procedure, including the creation of pertinent findings of fact and conclusions of law adequate to provide the Court with a basis from which to review the trial court's ruling. The trial judge may review the reporter's record to refresh its recollection of the reasons for the rulings on the issue of voluntariness. *See Hernandez*, 2011 Tex. App. LEXIS 9547, at *5 (so providing). The trial court shall direct the preparation of a supplemental clerk's record containing its findings and conclusions, together with any orders signed during remand, and shall cause the supplemental clerk's record and any record of a hearing, to be filed with this Court.

2. We direct the official court reporter for the 64th Judicial District Court of Castro County to 1) transcribe all proceedings held in Cause No. A4209-2205, styled *The State of Texas v. Ervin Jose Osorio Miranda* that have not previously been transcribed; and 2) file those with this Court in a supplemental reporter's record within 60 days from the date of this order.

3. Within thirty days after the supplemental records are filed with the Clerk of this Court, counsel for Appellant is directed to 1) review the entire appellate record to determine the presence of arguable grounds of error and 2) file with the Clerk of this Court a brief addressing potential grounds of error or

4

a motion to withdraw supported by an *Anders* brief conforming with the dictates of the law, as counsel may choose based upon the exercise of his professional judgment.

Finally, we deny appellate counsel's pending motion to withdraw.

It is so ordered.

Per Curiam

Do not publish.