Michael **MARTINEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–07–00921–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 15, 2009.

---

Jonathan Lewis Munier, Houston, for appellant.

Alan Curry, Chief Prosecutor, Appellate Division, Harris County District Attorney's Office, Houston, for appellee.

Panel consists of Justices TAFT, KEYES and ALCALA.

## ABATEMENT ORDER

ELSA ALCALA, Justice.

Appellant, Michael Martinez, appeals from the trial court's judgment ordering that he serve life in prison for aggravated robbery. Appellant's court-appointed counsel, who has filed a motion to withdraw from representing appellant, has filed an *Anders* brief in which he states that no valid grounds for appeal exist and that appellant's appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). Appellant filed a pro se response raising four issues.[1] First, appellant contends he did not receive effective assistance of counsel because his attorney did not conduct meaningful voir dire, in that he failed to ask jurors if they could consider the minimum punishment in the case if he were found guilty. Second, appellant asserts the evidence is legally and factually insufficient. Third, appellant claims the State knowingly presented false testimony because the testimony by the officers did not match the version of events the prosecutor related to the jury in the opening statement. Appellant's fourth challenge concerns the trial court's failure to instruct the jury that extraneous offenses must be proven beyond a reasonable doubt.

The brief submitted by appellant's court-appointed counsel states his professional opinion that there are no arguable grounds for reversal on appeal and that any appeal would, therefore, lack merit. *See id.*, 87 S.Ct. at 1400. The State has waived its opportunity to file an appellee's brief to reply to the arguments presented in appellant's pro se response.

 When this Court receives an *Anders* brief from a defendant's court-appointed attorney who asserts that no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *Id.*, 87 S.Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether case is "wholly frivolous"); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991) (quoting same passage from *Anders*). An arguable ground for appeal is a ground that is not frivolous; it must be an argument that could "conceivably persuade the court." *See In re Schulman*, 252 S.W.3d 403, 407 n. 12 (Tex.Crim.App.2008) (quoting *McCoy v. Court of Appeals of Wisc., Dist. I*, 486 U.S. 429, 436, 108 S.Ct. 1895, 1901, 100 L.Ed.2d 440 (1988)). However, "[w]hen we identify issues that counsel on appeal should have addressed but did not, we need not be able to say with certainty that those issues have merit; we need only say that the issues warrant further development by counsel on appeal." *Wilson v. State*, 40 S.W.3d 192, 200 (Tex.App.-Texarkana 2001, no pet.) (citing *Wilson v. State*, 976 S.W.2d 254, 257 n. 4 (Tex.App.-Waco 1998, no pet.)). In conducting our review, we consider any pro se response that the defendant files in response to his appointed counsel's *Anders* brief. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex.Crim.App.2005).

---

1. At trial, appellant was represented by Jim Leitner. On appeal, he is represented by Craig Bundick. At trial, the State was represented by Denise Bradley. The State did not file an appellate brief.

Our role in this *Anders* appeal, which includes a pro se response by appellant, is limited to determining whether arguable grounds for appeal exist. *Bledsoe,* 178 S.W.3d at 827. If we determine that arguable grounds for appeal exist, we must abate the appeal and remand the case. If the court-appointed attorney has not been withdrawn from the case by the appellate court, the trial court must allow the court-appointed attorney to withdraw. *Id.* The trial court must then either appoint another attorney to present all arguable grounds for appeal or, if the defendant wishes, allow the defendant to proceed pro se. *Id.* We do not rule on the ultimate merits of the issues raised by appellant in his pro se response. *Id.* If we determine that there are arguable grounds for appeal, appellant is entitled to have new counsel address the merits of the issues raised. *Id.* "Only after the issues have been briefed by new counsel may [we] address the merits of the issues raised." *Id.*

In accordance with *Anders,* 386 U.S. at 744–45, 87 S.Ct. at 1400, and *Bledsoe,* 178 S.W.3d at 826–27, we have reviewed the record, appellant's appointed counsel's *Anders* brief, and appellant's pro se response to that brief, and we conclude that arguable grounds for appeal exist. Having reached that conclusion, we abate this appeal and remand the cause for the trial court to appoint new appellant counsel or, if appellant wishes, allow appellant to proceed pro se. We grant appellant's appointed counsel's motion to withdraw.

It is so **ordered.**