Brandon Marquice WILSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–10–00434–CR.

Court of Appeals of Texas, Houston (1st Dist.).

May 31, 2012.

Terrence A. Gaiser, Houston, TX, for Appellant.

Alan Curry, Chief Prosecutor, Appellate Division, Harris County District Attorney's Office, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices JENNINGS and KEYES.

## ORDER OF ABATEMENT

TERRY JENNINGS, Justice.

Appellant, Brandon Marquice Wilson, without an agreed punishment recommendation from the State, pleaded guilty to the offense of burglary of a habitation with intent to commit assault,[1] and the trial court deferred adjudication of his guilt and placed him on community supervision for six years. The State subsequently filed a motion to adjudicate appellant's guilt, alleging that appellant had violated the conditions of his community supervision by, among other things, committing criminal offenses, failing to obtain suitable employment, and failing to pay fees and court costs. After appellant pleaded true to at least one[2] of the State's allegations, the trial court found appellant guilty and assessed his punishment at confinement for twelve years.

Appellant's counsel on appeal has filed a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). Appellant has not filed a pro se response. The State has waived its opportunity to file an appellee's brief.

### Anders

When this Court receives an *Anders* brief from a defendant's court-appointed attorney who asserts that no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *Id.*, 386 U.S. at 744, 87 S.Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether case is "wholly frivolous"); *Stafford v. State*, 813 S.W.2d 503, 510 (Tex.Crim.App.1991) (quoting same passage from *Anders* ). An arguable ground for appeal is a ground that is not frivolous; it must be an argu-

---

1. *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (Vernon 2011).

2. We note that, as discussed below, it is undisputed that the reporter's record taken during the proceeding following the filing of the State's motion to adjudicate guilt has been lost or destroyed. The face of the judgment reflects that appellant entered a plea of true to the State's motion to adjudicate guilt.

ment that could "conceivably persuade the court." *See In re Schulman,* 252 S.W.3d 403, 407 n. 12 (Tex.Crim.App.2008) (quoting *McCoy v. Court of Appeals of Wis., Dist. 1,* 486 U.S. 429, 436, 108 S.Ct. 1895, 1901, 100 L.Ed.2d 440 (1988)). However, "[w]hen we identify issues that counsel on appeal should have addressed but did not, we need not be able to say with certainty that those issues have merit; we need only say that the issues warrant further development by counsel on appeal." *Wilson v. State,* 40 S.W.3d 192, 200 (Tex.App.-Texarkana 2001, no pet.) (citing *Wilson v. State,* 976 S.W.2d 254, 257 n. 4 (Tex.App.-Waco 1998, no pet.)). In conducting our review, we consider any pro se response that the defendant files in response to his appointed counsel's *Anders* brief. *See Bledsoe v. State,* 178 S.W.3d 824, 826–28 (Tex.Crim. App.2005).

 Our role in this *Anders* appeal is limited to determining whether arguable grounds for appeal exist. *Id.* If we determine that arguable grounds for appeal exist, we must abate the appeal and remand the case. *Id.* We do not rule on the ultimate merits of the issues. *Id.* Rather, if we determine that there are arguable grounds for appeal, appellant is entitled to have new counsel address the merits of the issues raised. *Id.* "Only after the issues have been briefed by new counsel may [we] address the merits of the issues raised." *Id.* The trial court must then either appoint another attorney to present all arguable grounds for appeal or, if the defendant wishes, allow the defendant to proceed pro se. *Id.*

### Reasons Articulated by Appellant's Counsel in Anders Brief

 In his *Anders* brief, counsel asserts that appellant's appeal is frivolous, at least in part, because his pro se notice of appeal was untimely and "appellant also waived his right to appeal."[3] In asserting that appellant's appeal is untimely, counsel does not discuss the fact that appellant was not appointed counsel until more than seven months following his conviction and only after we abated the appeal. Counsel also does not discuss the fact that appellant was incarcerated at the time his pro se notice of appeal was received and filed in the trial court. And counsel does not explain whether appellant's notice of appeal, which was file-stamped five days after it was due, might be deemed timely under the mailbox rule or the prisoner mailbox rule. *See Campbell v. State,* 320 S.W.3d 338, 342 (Tex.Crim.App.2010) (stating that prisoner-mailbox rule provides that "a pro se prisoner is deemed to have filed his properly addressed notice of appeal at the time it is delivered to the appropriate prison authorities for forward-

---

**3.** Counsel also asserts that appellant's plea of guilty to the offense of burglary was "regular in all respects," the indictment tracked the relevant statutes and was "not fundamentally defective," no pretrial motions were filed other than an application for probation, appellant's written stipulation tracked the indictment, the evidence is "sufficient to support the guilty plea," appellant signed the written admonishments for the burglary offense, the admonishments for the burglary offense correctly stated the range of punishment and the consequences of deferred adjudication, the trial court assessed punishment within the applicable statutory range, and there is "no viable contention that the punishment" was "cruel and unusual." We note that many of the issues discussed by counsel in his *Anders* brief pertain to the initial deferred-adjudication proceeding. However, it is well settled that, in any direct appeal following a State's motion to adjudicate guilt, an appellant may not raise issues relating to his original deferred-adjudication proceeding. *Manuel v. State,* 994 S.W.2d 658, 661–62 (Tex.Crim.App. 1999). Rather, a defendant placed on deferred adjudication may raise issues relating to the original plea proceeding only in appeals taken when deferred adjudication is first imposed. *Id.*

ing to the clerk of the convicting court"); *see also* Tex.R.App. P. 9.2(b) (providing that, if filed by mail, document received within ten days after filing deadline is considered timely filed if: (1) it was sent to proper clerk by United States Postal Service first-class, express, registered, or certified mail; (2) it was placed in envelope or wrapper properly addressed and stamped; and (3) it was deposited in mail on or before the last day for filing); Tex.R. Civ. P. 5 ("If any document is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time. A legible postmark affixed by the United States Postal Service shall be prima facie evidence of the date of mailing."); Tex.R.App. P. 26.2(a) (providing that criminal defendant who seeks to appeal must file notice of appeal within thirty days after either day on which sentence is imposed or suspended in open court or day on which trial court enters an appealable order, or within ninety days if defendant timely files motion for new trial). Counsel does not explain if he conducted any investigation into the facts of the case to determine if there might be a basis to assert that, under the above rules, appellant's notice was timely.

In asserting that his client has waived his right to appeal, counsel has not considered a prior order from this Court, as well as the trial court's revised certification, clarifying that appellant has not waived his right to appeal. On November 2, 2010, we expressly stated in an abatement order that the clerk's record reflects that appellant had "pleaded without an agreed recommendation," and we noted that this "ordinarily means he *has a right to appeal.*" (Emphasis added.)We further explained

that there is a discrepancy in the clerk's record because the judgment also states "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED." In light of this discrepancy, we abated the appeal for a determination of, among other things, whether appellant had "the right of appeal." We directed the trial court to appoint appellant counsel if it determined that he had the right to appeal. On November 11, 2010, the trial court promptly certified that this case was "not a plea bargain case, and [appellant] has the right of appeal." The trial court then appointed counsel to represent appellant. It appears that, rather than review and address these documents in the record, counsel has instead elected to file an *Anders* brief arguing that appellant has waived all of his rights.

### *Missing Record*

Finally, in a section of his *Anders* brief entitled "Motion to Adjudicate," counsel agrees that "the motion to adjudicate does not fully appear of record" and the court reporter in this case has informed this Court that the reporter's record of the hearing following the State's motion to adjudicate guilt has been "irretrievabl[y]" lost as a result of technical problems. But, rather than discuss, in any detail, the rules and authorities pertaining to lost or destroyed records, counsel has only generally stated in his *Anders* brief that he "has conferred" with appellant and trial counsel "on several occasions" and there is "no indication that the missing portion of the record is necessary to the resolution of this appeal" and "no basis for predicating an appeal."

After conducting our independent review, we conclude that counsel could have raised a non-frivolous argument concerning the impact of the destroyed record on appellant's rights for a new trial. At a

minimum, counsel should have discussed the relevant authorities and explained why, after a review of these authorities, he has still concluded that any appeal by appellant would be wholly frivolous.

Texas Rule of Appellate Procedure 34.6(f) provides,

> (f) Reporter's Record Lost or Destroyed. An appellant is entitled to a new trial under the following circumstances:
>
> (1) if the appellant has timely requested a reporter's record;
>
> (2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;
>
> (3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and
>
> (4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

TEX.R.APP. P. 34.6.

Here, there does not appear to be any dispute that a reporter's record was taken of the proceedings following the filing of the State's motion to adjudicate guilt and, through no fault of appellant, it has been lost or destroyed. There also does not appear to be any question that the lost or destroyed record cannot be replaced by the agreement of the parties.[4] Thus, the sole remaining issue, in determining whether appellant is entitled to any remedy under rule 34.6, is whether "the lost, destroyed, or inaudible portion of the reporter's record ... is necessary to the appeal's resolution." *Id.*

The Texas Court of Criminal Appeals has stated that a lost or destroyed portion of a reporter's record from which an ineffective assistance of counsel claim can be raised constitutes a portion of a record that is "necessary to the appeal's resolution." *Kirtley v. State,* 56 S.W.3d 48, 52 (Tex.Crim.App.2001). Specifically, in *Kirtley,* the reporter's notes from an "adjudication/punishment hearing" were "destroyed by an act of nature." *Id.* at 50. The defendant argued that because the reporter's record had been destroyed through no fault of his own, he was entitled to a new punishment hearing. *Id.* The court of appeals concluded that the record of this hearing "was not necessary" to the appeal, but the court of criminal appeals disagreed, noting that there was "nothing to prohibit appellant from claiming ineffective assistance of counsel during the punishment hearing." *Id.* at 51–52. Thus, it held that the record for the hearing was "necessary to the appeal's resolution" as required by rule 34.6. *Id.* at 52. On remand, the Dallas Court of Appeals held that because the record had been lost or destroyed and because the parties could not agree on a complete record, the defendant was entitled to a new punishment hearing. *Kirtley v. State,* No. 05–99–00236–CR, 2002 WL 413806, at *1 (Tex. App.-Dallas Mar. 18, 2002, no pet.) (not

---

4. The State, in waiving its right to file an appellee's brief, did not contest counsel's assertion that the reporter's record was irretrievable, nor did it suggest that it could be replaced by the agreement of the parties.

designated for publication); *see also Mason v. State,* 65 S.W.3d 120, 120 (Tex.App.-Amarillo 2001, no pet.) ("Without a complete record, however, it cannot be said that counsel conscientiously searched for potential error and, as a result of that search, legitimately concluded that the appeal was frivolous.... Simply put, one cannot say that there is no arguable merit to an appeal based upon the review of an incomplete record."); *Marsh v. State,* 959 S.W.2d 224, 225–26 (Tex.App.-Dallas 1996, order)(concluding that appointed counsel "could not have made a diligent search of the record without the statement of facts and [ ] failed to perform his duty as court-appointed counsel by filing an *Anders* brief based on an incomplete record"); *Pharries v. State,* No. 07–11–0029–CR, 2011 WL 2899373, at *1 (Tex.App.-Amarillo July 20, 2011, order) (concluding that court-appointed counsel may not file *Anders* brief when appellate record being reviewed is "incomplete").

Again, we need not say, with certainty, that any complaint arising from the fact that the reporter's record in this case has been lost or destroyed will prove to be meritorious, but only that such an issue warrants further development by counsel on appeal. *Wilson,* 40 S.W.3d at 200. Having reviewed the available clerk's record and the *Anders* brief, we conclude that, even though the clerk's record reveals that appellant pleaded guilty to the offense of burglary and true to the State's motion to adjudicate guilt, and even though the record indicates that appellant received a punishment within the statutory guidelines, there is at least an arguable ground for appeal arising from the undisputed fact that the reporter's record has been destroyed. *See Anders,* 386 U.S. at 744–45, 87 S.Ct. at 1400; *Bledsoe,* 178 S.W.3d at 826–27.

### Conclusion

We strike the *Anders* brief, abate this appeal, and remand the cause for the trial court to appoint new appellate counsel or, if appellant wishes, allow appellant to proceed pro se.

**It is so ordered.**