

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00091-CR

JAMES DANIEL HARRIS                                          APPELLANT

V.

THE STATE OF TEXAS                                                STATE

----------

## FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1] AND ORDER OF ABATEMENT

----------

A jury found Appellant James Daniel Harris guilty of possession of less than 200 but more than 4 grams of methamphetamine. Thereafter, Appellant pleaded true to an enhancement allegation, and the jury assessed his punishment at life confinement. Appellant filed a notice of appeal and a motion for new trial, arguing that he received ineffective assistance of counsel and that

---

[1]See Tex. R. App. P. 47.4.

his statement was unlawfully coerced. After holding a hearing, the trial court denied the motion for new trial.

Appellant's appointed appellate counsel has filed a motion to withdraw, accompanied by a thorough brief in support of that motion. In his cogent brief, counsel states that in his professional opinion, this appeal is frivolous and without merit. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why counsel concluded there are no arguable grounds for relief. Appellant filed a brief and a supplemental brief in response to appellate counsel's evaluation, raising nine points that he asserts "should warrant further development by another counsel on appeal." The State filed a letter brief stating that it agreed with appellate counsel's determination that the appeal is wholly frivolous.

Once an appellant's court-appointed attorney files a motion to withdraw on the grounds that an appeal is frivolous and fulfills the requirements of *Anders*, we have a supervisory obligation to undertake an examination of the proceedings. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Banks v. State*, 341 S.W.3d 428, 431 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). In this evaluation, we consider the record, the arguments raised in the *Anders* brief, and issues Appellant points out in his pro se briefs. *See United States v. Wagner*, 158 F.3d 901, 902 (5th Cir. 1998); *In re Schulman*, 252 S.W.3d 403, 409 (Tex.

Crim. App. 2008). We are not to address the merits of the issues Appellant raises in his pro se briefing because to do so would deprive Appellant "of the meaningful assistance of counsel." *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). If we determine that arguable grounds for appeal exist, we must abate the appeal and remand the case to the trial court for appointment of new appellate counsel. *See Schulman*, 252 S.W.3d at 409; *see also Smith v. Robbins*, 528 U.S. 259, 279, 120 S. Ct. 746, 761 (2000). But if we determine that the appeal is wholly frivolous, we should dismiss the appeal. *See Schulman*, 252 S.W.3d at 409; *see also Anders*, 386 U.S. at 744, 87 S. Ct. at 1400. Only after our independent review and after our decision between abatement or dismissal is made may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

After our independent review, we conclude that there are "arguable" appellate issues in this case. *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see Smith*, 528 U.S. at 285, 120 S. Ct. at 764. For instance, the trial court denied Appellant's request to have new trial counsel appointed even though Appellant had stated that his appointed trial counsel, Price Smith, had failed to properly communicate the charge and punishment range Appellant faced. Smith admitted to the trial court that the attorney-client relationship was "broken" and that Appellant had received "some . . . bad information" (although not from Smith) regarding the possible punishment range he faced. Additionally, the State contends that Appellant's arguments that he received ineffective assistance of

3

counsel cannot be addressed on direct appeal. However, the trial court held a hearing on Appellant's motion for new trial and specifically received evidence on whether Smith was effective. Indeed, it appears Smith was unaware of or unwilling to pursue the motion to suppress that Appellant's retained counsel had filed.[2] While we acknowledge that the trial court probably resolved these disputes in testimony by making credibility determinations, this record evidence arguably could provide grounds to pursue a claim of ineffective assistance of trial counsel. It further could be argued that the evidence was insufficient to link Appellant to the contraband.[3] *See Poindexter v. State*, 153 S.W.3d 402, 405–06 (Tex. Crim. App. 2005). Finally, we note that appellate counsel did not have the entire record when he filed his *Anders* brief. Specifically, we abated this appeal to determine the completeness of the reporter's record regarding evidence the State used during punishment. The trial court held a hearing on the issue, but appellate counsel did not have the benefit of this record on abatement in making his determination of the frivolity of the appeal. This abatement record arguably could prove fruitful for appeal purposes. *See Wilson v. State*, 366 S.W.3d 335, 340 (Tex. App.—Houston [1st Dist.] 2012, no pet.) ("Again, we need not say, with

---

[2]Appellant retained trial counsel who was allowed to withdraw after Appellant refused a plea-bargain agreement and failed to pay counsel for the costs of proceeding to a jury trial.

[3]Although Appellant gave a statement admitting possession of the methamphetamine, he asserted in his motion for new trial that the statement was illegally coerced.

certainty, that any complaint arising from the fact that the reporter's record has been lost or destroyed will prove to be meritorious, but only that such an issue warrants further development by counsel on appeal."); *cf. Mason v. State*, 65 S.W.3d 120, 120 (Tex. App.—Amarillo 2001, no pet.) (denying motion to withdraw and striking *Anders* brief when counsel did not have reporter's record from voir dire because "one cannot say that there is no arguable merit to an appeal based on the review of an incomplete record").[4]

We stress that this is not an exhaustive list of arguable issues that could be raised on appeal and, further, that we have not determined that any of these arguments have merit. We conclude that appellate counsel has met his professional obligations under *Anders* and grant his motion to withdraw. But based on the presence of arguable appellate issues, we abate the appeal and remand the case to the trial court to appoint a new appellate attorney with directions to file a brief on the merits. *See Schulman*, 252 S.W.3d at 409. The trial court shall make the appointment and ensure that a supplemental record is filed in this court no later than 28 days from the date of this order. Once the supplemental record is filed in this court, we will automatically reinstate the appeal and set a new briefing schedule.

---

[4]Because the record on abatement was made after appellate counsel filed his *Anders* brief, we cannot say that appellate counsel failed to diligently search the record. Thus, denying the motion to withdraw would not be appropriate as it was in *Mason*.

PER CURIAM

PANEL:  GABRIEL, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 30, 2013