# NOS. 12-13-00225-CR
# 12-14-00039-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DANNY RAY LUSK,* <br> *APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* <br> *APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *ORDER OF ABATEMENT*

Danny Ray Lusk appeals his convictions in cause numbers 12-13-00225-CR (trial court cause number 19,241) and 12-14-00039-CR (trial court cause number C-18,897) for the offenses of aggravated sexual assault of a child and indecency with a child. Appellant's counsel filed a brief contending that there are no arguable grounds for appeal and has filed a motion to withdraw. Having found arguable grounds for appeal, we grant counsel's motion, abate the appeals, and remand the causes for appointment of new counsel to brief the issues.[1]

### BACKGROUND

A Henderson County grand jury returned two multiple count indictments against Appellant for the offenses of aggravated sexual assault and indecency with a child. The indictment in cause number 12-13-00225-CR alleged two counts of aggravated sexual assault of a child and one count of indecency with a child. The indictment in cause number 12-14-00039-CR alleged two counts of aggravated sexual assault of a child. Appellant pleaded "not guilty" to both indictments. The cases were consolidated, and a jury found Appellant guilty on all counts.

---

[1] *See **Garner v. State**,* 300 S.W.3d 763, 766 n.15 (Tex. Crim. App. 2009).

In cause number 12-13-00225-CR, the jury assessed punishment for counts one and two at imprisonment for life, twenty years of imprisonment for count three, and a $5,000 fine on each count. In cause number 12-14-00039-CR, the jury assessed punishment at imprisonment for life and a $5,000 fine for both counts.

<u>**ARGUABLE GROUNDS FOR APPEAL**</u>

If an attorney appointed to represent a defendant on appeal finds the case to be "wholly frivolous" after a conscientious examination of the record, he should so advise the appellate court and request permission to withdraw. *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). The motion to withdraw is accompanied by what has become known as an "*Anders*" brief as an assurance that the attorney has made a thorough and conscientious examination of the record, has provided the appellate court with the appropriate facts of the case and its procedural history, and has pointed out any potentially plausible points of error. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d at 406. The *Anders* brief also serves as a roadmap for appellate courts in their review of the record in determining whether the attorney has made a legally correct determination that the appeal is frivolous. *See id.* at 407.

When faced with an *Anders* brief, the appellate court has a duty to conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988); *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). If the court's independent inquiry reveals an arguable ground for appeal, it must abate the proceeding and remand the case to the trial court so that new counsel can be appointed to brief the issues. *See Garner v. State*, 300 S.W.3d 763, 766 n.15 (Tex. Crim. App. 2009) (quoting *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991)). An arguable ground for appeal is a ground that is not frivolous and is an argument that could "conceivably persuade the court." *Martinez v. State*, 313 S.W.3d 355, 357 (Tex. App.—Houston [1st Dist.] 2009, order) (citing *In re Schulman*, 252 S.W.3d at 407 n.12).

An appellate court identifying issues that appellate counsel should have addressed, need not be able to say with certainty that those issues have merit; it need only say that the issues warrant further development by counsel on appeal. *Wilson v. State*, 366 S.W.3d 335, 337 (Tex.

App.—Houston [1st Dist.] 2012, order) (citations omitted). In conducting our review, we consider any pro se response the defendant files in response to his appointed counsel's brief. *See Garner*, 300 S.W.3d at 767 ("[C]ourts of appeals must decide whether the *Anders* appeal and subsequent *pro se* brief raise any meritorious 'arguable grounds' for review.").

**Discussion**

In his brief, counsel presents two "possibly important" issues concerning the application of article 38.072 of the Texas Code of Criminal Procedure and Appellant's right to testify during the guilt-innocence phase of trial. Appellant filed a response to counsel's brief and contends that evidentiary sufficiency, ineffective assistance of counsel, and violations of his substantive and constitutional rights are arguable grounds for appeal.

### Article 38.07 and Ineffective Assistance of Counsel

Appellant's trial was hotly contested and lasted several days. "J." and "S." are the alleged victims in these cases.[2] "Dorothy" is J's stepmother and S's biological mother. In both cause numbers, the State designated Dorothy as an outcry witness to testify at trial. The trial court conducted a hearing to determine the reliability of statements J. allegedly made to Dorothy in January 2010 and April 2011. Although the State did not include the January 2010 statement in its notice of intent to introduce the hearsay statement, trial counsel failed to object, and the trial court found both hearsay statements sufficiently reliable.

Although appellate counsel states the record suggests J. likely made an outcry prior to 2010, he nevertheless concludes it was not error to admit the outcry testimony because evidence of the earlier outcries was not known until after Dorothy testified about J.'s outcries. The record shows that this evidence came from Dorothy, J., and J.'s biological mother's trial testimony. Despite these later developments, trial counsel failed to object and did not request a mistrial on the ground that J.'s hearsay statements failed to satisfy the requirements of article 38.07.

The State's notice relating to S.'s outcry statements also appears deficient. The State's notice refers to hearsay statements S. made to her biological father, "Allen," when she called him on the telephone (purportedly in April 2011). But Allen's testimony showed that Dorothy had told him S. "had brought to her attention that [Appellant] was putting his penis in inappropriate

---

[2] To protect the victims' identity, we use pseudonyms to identify them and other witnesses at trial. J. is Appellant's biological daughter, and S. is Appellant's stepdaughter.

3

areas." Again, trial counsel failed to object and did not request a mistrial on the ground that S.'s hearsay statements failed to satisfy the requirements of article 38.07.

Despite the State's insufficient notice, trial counsel's failure to object to the admission of the evidence on the grounds of insufficient notice, and trial counsel's failure to request a mistrial based on the ground that the requirements of article 38.07 were not satisfied, appellate counsel does not raise the issue of whether Appellant received ineffective assistance of counsel or a fair trial.

### *Inadmissible Evidence and Attorney's Fees*

The record reflects that one of the State's witnesses testified that Appellant had written a note in the shower that stated, "I'm sorry, please forgive me." Trial counsel objected to the admission of this statement as written hearsay. The trial court sustained trial counsel's objection. The witness then confirmed that "after doing some research," she learned that Appellant had written the note. Trial counsel again objected, arguing that the alleged statement was received through hearsay. The trial court overruled trial counsel's objection, but appellate counsel does not raise the issue of whether the trial court's admission of the statement was error.

Lastly, the judgments reflect the assessment of attorney's fees in the amount of $5,325.00. The clerk's record in cause number 12-14-00039-CR indicates that counsel was appointed to represent Appellant at trial and on appeal. The record is silent regarding Appellant's ability to pay court appointed attorney's fees, but appellate counsel fails to address this issue.

## Conclusion

After considering counsel's brief and Appellant's contentions, as well as conducting a full examination of the record, we conclude that arguable grounds for appeal exist. Based on our review, we have found at least four issues warranting argument on appeal:

(1) Did trial counsel's failure to object and request a motion for mistrial upon the admission of victim hearsay statements deprive Appellant of his right to effective assistance of counsel?

(2) Did the trial court commit reversible error by admitting hearsay evidence that Appellant wrote a note saying "I'm sorry, please forgive me"?

(3) Are the judgments ordering reimbursement of attorney's fees supported by sufficient evidence of Appellant's ability to pay?

(4) Was Appellant deprived of his right to testify or his right to a fair trial?

Having concluded that arguable grounds for appeal exist, we grant appellate counsel's motion to withdraw. *See **Stafford***, 813 S.W.2d at 511.

IT IS ORDERED that these appeals be ***abated***, that the cases are ***remanded*** to the trial court, and that the trial court shall appoint new counsel to represent Appellant on appeal. The trial court shall furnish the name, address, telephone number, and state bar number of new counsel to the clerk of this Court immediately after the trial court's appointment of new counsel. Finally, the trial court shall cause its order appointing counsel to be included in a supplemental clerk's record, which shall be filed with the clerk of this Court ***within ten days*** after the date of the trial court's order.

IT IS FURTHER ORDERED that the appeals are administratively removed from this Court's docket until further order of this Court.

IT IS FINALLY ORDERED that the newly appointed counsel's brief shall address the issues this court has identified and any other issues counsel deems meritorious, and that counsel's brief shall be due ***forty-five days*** from the date of counsel's appointment. All other appellate deadlines shall be in accordance with the Texas Rules of Appellate Procedure.

**JAMES T. WORTHEN**
Chief Justice

Order entered January 21, 2015.
*Panel consisted of Worthen, C.J. and Hoyle, J.*

(DO NOT PUBLISH)