**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



**ORDER**

Appellate case name:       Henry Rangel v. The State of Texas

Appellate case number:    01-18-00273-CR

Trial court case number:   CR13465

Trial court:                      355th District Court of Hood County[1]

Appointed counsel, Lukas A. Lawrence, moved to withdraw from this appeal and filed a brief concluding that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967). Based on our independent review of the record, we conclude that there is an arguable issue that counsel has not raised, namely the use of appellant's prior conviction for unauthorized use of a motor vehicle, which is currently a state jail felony, to enhance the sentencing range.

When an appellate court determines that arguable grounds for appeal exist, we "must abate the appeal and remand the case to the trial court with orders to appoint other counsel to present those and any other grounds that might support the appeal." *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). When we "identify issues that counsel on appeal should have addressed but did not, we need not be able to say with certainty that those issues have merit; we need only say that the issues warrant further development by counsel on appeal." *Wilson v. State*, 366 S.W.3d 335, 337 (Tex. App.—Houston [1st Dist.] 2012, published order of abatement). Further, we must allow counsel that filed the *Anders* brief to withdraw from the case. *Stafford*, 813 S.W.2d at 511.

Accordingly, we **strike** appellate counsel's *Anders* brief and **grant** counsel's motion to withdraw. *Cf. Williams v. State*, 976 S.W.2d 871, 873 (Tex. App.—Corpus Christi 1998, order) (striking counsel's brief and removing him from the appeal); *Marsh v. State*, 959 S.W.2d 224, 226 (Tex. App.—Dallas 1996, order), *disp. on merits*, No. 05-92-00482-CR,

---

1       Pursuant to its docket equalization powers, the Texas Supreme Court transferred this appeal from the Court of Appeals for the Second District of Texas to this Court. *See* TEX. GOV'T CODE § 73.001; Misc. Docket No. 18-9049 (Tex. Mar. 27, 2018).

1998 WL 234202 (Tex. App.—Dallas May 12, 1998, no pet.) (same). Appointed counsel shall immediately send the required notice and file a copy of that notice with the Clerk of this Court. TEX. R. APP. P. 6.5(c).

We further **abate** this appeal and **remand** the cause for the trial court to appoint new appellate counsel.[2] The trial court is ordered to inform this Court in writing of the identity of new counsel and the date of appointment **within 30 days of the date of this order**. Counsel's brief will be due **30 days after the trial court makes its appointment**. This appeal will be reinstated after the notice of appointment is received by this Court.

It is so ORDERED.

Judge's signature:   _/s/  Evelyn V. Keyes_____
                                     ☑ Acting individually     ☐ Acting for the Court

Date:   __December 12, 2019_____

---

2       New appellate counsel should investigate the record and file a new brief for appellant. Counsel's brief may either present an argument on the merits or a proper *Anders* brief and motion to withdraw, as determined by counsel after a conscientious examination of the record.