COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

| | |
|---|---|
| Appellate case name: | In the Interest of H.W. and S.W., Children |
| Appellate case number: | 01-21-00654-CV |
| Trial court case number: | 91619-F |
| Trial court: | 300th District Court of Brazoria County |

Appellant, father, filed a notice of appeal of the trial court's November 18, 2021 order in a suit affecting the parent-child relationship. On February 11, 2022, father's court-appointed counsel filed a brief concluding that, after a review of the record and pertinent law, this appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from termination of parental rights because it "strikes an important balance between the defendant's constitutional right to counsel on appeal and counsel's obligation not to prosecute frivolous appeals"). On April 4, 2022, father filed a pro se response in which he raised a number of arguments, including that trial court (1) erred by allowing his appointed counsel to withdraw during the middle of trial without making the required finding of good cause under Texas Family Code Section 107.016; (2) violated his statutory right to counsel under Texas Family Code Section 107.013(a)(1) by refusing to appoint counsel; and (3) erred by failing to provide warnings about the dangers of self-representation as required under *Faretta v. California*, 422 U.S. 806, 818–20 (1975).

When this Court receives an *Anders* brief from an appellant's court-appointed attorney who asserts that no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether case is "wholly frivolous"); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (quoting same passage from *Anders*). An arguable ground for appeal is a ground that is not frivolous; it must be an argument that could "conceivably persuade the court." *See In re Schulman*, 252 S.W.3d 403, 407 n.12 (Tex. Crim. App. 2008) (quoting *McCoy v. Court of Appeals of Wisc., Dist. I*, 486 U.S. 429, 436 (1988)). However, "[w]hen we identify issues that counsel on appeal should have addressed but did not, we need not be able to say with certainty that those issues have merit;

we need only say that the issues warrant further development by counsel on appeal." *Martinez v. State*, 313 S.W.3d 355, 357 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (quoting *Wilson v. State*, 40 S.W.3d 192, 200 (Tex. App.—Texarkana 2001, no pet)). In conducting our review, we consider any pro se response that the appellant files in response to his appointed counsel's *Anders* brief. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).

Our role in this *Anders* appeal, which includes a pro se response by appellant, is limited to determining whether arguable grounds for appeal exist. *Bledsoe*, 178 S.W.3d at 827. If we determine that arguable grounds for appeal exist, we must abate the appeal and remand the case. If the court-appointed attorney has not been withdrawn from the case by the appellate court, the trial court must allow the court-appointed attorney to withdraw. *Id.* The trial court must then either appoint another attorney to present all arguable grounds for appeal or, if the appellant wishes, allow the appellant to proceed pro se. *Id.* We do not rule on the ultimate merits of the issues raised by appellant in his pro se response. *Id.* If we determine that there are arguable grounds for appeal, appellant is entitled to have new counsel address the merits of the issues raised. *Id.* "Only after the issues have been briefed by new counsel may [we] address the merits of the issues raised." *Id.*

In accordance with *Anders*, we have reviewed the record, appointed counsel's *Anders* brief, and father's pro se response. The record on appeal suggests that there may be arguable, nonfrivolous grounds for appeal, for example, related to father's statutory right to counsel, whether there was a waiver of that right to counsel, and father's self-representation. *See* TEX. FAM. CODE §§ 107.013(a)(1), 107.016(2); *In re P.M.*, 520 S.W.3d at 27; *In re C.L.S.*, 403 S.W.3d 15, 22 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).

We therefore **abate** this appeal and remand the cause for the trial court to allow appointed counsel to withdraw and to appoint new appellate counsel to represent father. The trial court is directed to appoint new appellate counsel to represent father within **14 days from the date of this order.** The trial court clerk is directed to file a supplemental clerk's record that includes the trial court's order allowing father's current appointed counsel to withdraw and appointing new appellate counsel within **30 days of the date of this order**. Counsel's brief will be due **30 days from the date counsel is appointed**, regardless of whether this Court has yet reinstated the appeal, and counsel is required to:

1. Fully investigate and make a conscientious examination of the record;

2. Address all arguable, non-frivolous grounds for appeal in a brief on the merits;

3. Specifically address the issues identified above related to father's statutory right to counsel, and any alleged waiver of that right and election to proceed pro se; and

4. Address any other grounds counsel deems appropriate.

*See Bledsoe*, 178 S.W.3d at 827 ("The court's duty is to determine whether there are any arguable grounds and if there are, to remand to the trial court so that new counsel may be appointed to brief the issues."); *Stafford*, 813 S.W.2d at 511 ("If grounds are deemed arguable, the Court of Appeals then must abate the appeal and remand the case to the trial court with orders to appoint other counsel to present those and any other grounds that might support the appeal.").

An appeal from a judgment terminating parental rights is an accelerated appeal, which this Court should dispose of "within 180 days of the date the notice of appeal is filed," so far as reasonably possible. TEX. JUD. ADMIN. 6.2; *see* TEX. FAM. CODE §§ 109.002(a), 263.405(a). Accordingly, **no extensions of time will be granted absent extraordinary circumstances**. *See* TEX. R. APP. P. 38.6(d) (providing that decision on motions to extend time to file briefs is discretionary and allowing court to shorten time for filing briefs). Counsel who agrees to handle this appeal should do so only if he or she can satisfy the deadlines set herein. Counsel for the Department of Family and Protective Services is also advised that he or she **should not seek an extension absent good cause**, and any extension will be very short.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the appellant's brief is filed in this Court.

It is so **ORDERED**.


Judge's signature: /s/ Amparo Guerra

Acting for the Court


Date: May 17, 2022


Panel consists of Justices Kelly, Goodman, and Guerra.

Justice Goodman dissenting without opinion.