# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00536-CR

**Adam Mirelez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 424TH DISTRICT COURT OF LLANO COUNTY,
### NO. CR8289, THE HONORABLE EVAN C. STUBBS, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Adam Mirelez was convicted of unlawful possession of a firearm by a felon, *see* Tex. Penal Code § 46.04(e), and sentenced as a habitual felon to forty years in prison, *see id.* §§ 12.42(d). On appeal, his court-appointed counsel has filed an *Anders* brief in which he states that this appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel also moved to withdraw as counsel. Neither appellant nor the State filed a response.

In his brief, appellant's court-appointed counsel states his professional opinion that Appellant

> has one arguable issue in this case: the evidence is insufficient to sustain the verdict. Appellant presented a defense that the pistols found at the home where he was arrested were not in his possession and that the 'owners' of the home had every incentive to frame Appellant rather than they take the blame.

Appellant's court-appointed counsel asserts that, viewing the evidence in the light most favorable to the verdict, this Court would determine that the jury rationally decided that Appellant possessed the pistols and was not framed and this Court would affirm appellant's conviction.[1] Elsewhere in the brief, appellant's counsel asserts that the issue is not arguable and that the appeal is frivolous.

Our role in this *Anders* appeal is limited to determining whether arguable grounds for appeal exist. *Bledsoe*, 178 S.W.3d at 827. When this Court receives an *Anders* brief from an appellant's court-appointed attorney, we must conduct our own review of the entire record and determine whether appellant could raise only wholly frivolous issues on appeal. *Anders*, 386 U.S. at 744. An arguable ground for appeal is a ground that is not frivolous; it must be an argument that could "conceivably persuade the court." *Martinez v. State*, 313 S.W.3d 355, 357 (Tex. App.—Houston [1st Dist.] 2009, order); s*ee In re Schulman*, 252 S.W.3d 403, 407 n. 12 (Tex. Crim. App. 2008). We need not be able to say with certainty that potential appellate issues have merit; we need only say that the issues warrant further development by counsel on appeal. *Martinez*, 313 S.W.3d at 357; *see also Wilson v. State*, 40 S.W.3d 192, 200 (Tex. App.—Texarkana 2001, no pet.). If we determine that arguable grounds for appeal exist, we must abate the appeal and remand the case. The trial court must then either appoint another attorney to present all arguable grounds for appeal or, if the defendant wishes, allow the defendant to proceed by representing himself. *Bledsoe*, 178 S.W.3d at 827. "Only after the issues have been briefed by new counsel may [we] address the merits of the issues raised." *Id*.

---

[1] On appeal, we must view the evidence in the light most favorable to the verdict and decide whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hernandez v. State*, 556 S.W.3d 308, 315 (Tex. Crim. App. 2017).

In accordance with *Anders*, 386 U.S. at 744-45, and *Bledsoe*, 178 S.W.3d at 826-27, we have reviewed the record and appellant's appointed counsel's *Anders* brief and we conclude that at least one arguable ground for appeal exists. Counsel's expectation that, based on the state of the evidence and the standard of review, appellant would lose the appeal does not necessarily make the appeal frivolous. *See Martinez*, 313 S.W.3d at 357.

We grant appellant's appointed counsel's motion to withdraw. We abate this appeal and remand the cause for the trial court to appoint new appellate counsel or, if appellant wishes, to allow appellant to proceed by representing himself. New counsel or appellant may address the issue raised in the *Anders* brief, other issues, or both. Alternatively, Appellant may choose to abandon and dismiss the appeal.

Before Chief Justice Byrne, Justices Triana and Theofanis

Abated and Remanded

Do Not Publish

Filed: May 24, 2023