# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

NO. 03-23-00803-CR
NO. 03-24-00701-CR

---

**Shane Michael Morgan, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
NO. CR2017-427D, THE HONORABLE DIB WALDRIP, JUDGE PRESIDING**

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

A jury convicted appellant Shane Michael Morgan of the offenses of evading arrest with a motor vehicle and possession of a controlled substance, methamphetamine. The jury also made an affirmative finding that Morgan used the motor vehicle as a deadly weapon during the commission of the evading-arrest offense. The district court assessed punishment, sentencing Morgan to twenty years' imprisonment for evading arrest and one year's confinement in state jail for possession. Morgan appealed each conviction separately and later filed an unopposed motion to consolidate the appeals for dispositional purposes, which we granted.

In each appeal, Morgan's court-appointed counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967). Morgan has filed a pro se response, arguing that the evidence is insufficient to support the jury's deadly-weapon finding and that appellate counsel was ineffective for failing to raise that issue.

Upon receiving an *Anders* brief, we must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *See Penson*, 488 U.S. 75, 80 (1988); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). An appeal is wholly frivolous if it "lacks any basis in law or fact," *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10 (1988), and a frivolous argument is one that "cannot conceivably persuade the court," *id.* at 436; *see In re Schulman*, 252 S.W.3d 403, 407 & n.12 (Tex. Crim. App. 2008); *Martinez v. State*, 313 S.W.3d 355, 357 (Tex. App.—Houston [1st Dist.] 2009) (abatement order). If during our review of the record we identify issues that are not frivolous, "we need not be able to say with certainty that those issues have merit; we need only say that the issues warrant further development by counsel on appeal." *Wilson v. State*, 40 S.W.3d 192, 200 (Tex. App.—Texarkana 2001, no pet.). In such a case, we are to abate the appeal and "remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Bledsoe*, 178 S.W.3d at 827. "Only after the issues have been briefed by new counsel may the court of appeals address the merits of the issues raised." *Id.*

The record reflects that the State charged Morgan in a three-count indictment with the offenses of evading arrest with a motor vehicle (count I), tampering with physical evidence (count II), and possession of a controlled substance, methamphetamine (count III). The indictment also contained three enhancement paragraphs alleging that Morgan had three prior felony convictions for the offense of engaging in organized crime, involving burglary of a building and burglary of a habitation, committed on three separate dates in 2007.

At trial, Deputy Chris Gerhardt of the Comal County Sheriff's Office testified that on November 10, 2016, at approximately 6:30 p.m., he was on patrol in the 2300 block of Wegner Road when he "noticed a vehicle coming down the hill kind of towards" him, "traveling

2

at a high rate of speed, 65 in a 40-mile-an-hour zone." The driver of the vehicle was later identified as Morgan. After Morgan's vehicle passed Gerhardt's patrol vehicle, Gerhardt turned around and began pursuing it. Gerhardt recounted that he was on "a two-lane road with a grassy median or a grassy shoulder" and that the roadway was "kind of a narrow area right there." He added, "Wegner Road is pretty windy. It's got straight areas and windy areas. And like I said, it's a very narrow road." To turn around, Gerhardt "pulled off to the side" of the road "and then did a wide turn and then accelerated towards the vehicle to conduct a traffic stop."

As Gerhardt pursued Morgan's vehicle, he activated his red and blue lights and "noticed the vehicle was gaining distance on" him, "traveling at a high rate of speed," "probably doing 60 to 70 miles an hour." Gerhardt accelerated to catch up with Morgan's vehicle, which he saw pass a white truck. Gerhardt testified that he did not see Morgan's vehicle go into the truck's lane of traffic or see the truck swerve or take evasive action. Gerhardt activated his siren and continued pursuing Morgan's vehicle. Then, Gerhardt testified,

> As I caught up to the vehicle, I noticed that the vehicle had left the roadway. We were at the intersection of Wegner and Castleway. He left the roadway, almost went into the trees and hit a pole, but then came and did a wide turn. We were at the middle of the intersection. He kind of drove towards me. I came to a stop.

> And then at that point, I noticed we're looking right at each other. I still have my red and blue lights and siren on. Then he quickly takes a left and goes on Castleway.

Gerhardt continued,

> So I follow him behind. At this point I'm right on him. We get to the stop sign of

3

Castleway and Royal Gate. He goes through the stop sign, doesn't stop, completely disregards the stop sign. He takes a wide right turn and so now we're on the left side of Royal Gate.

I know this road. I'm familiar with this area. I know it goes into a dead end, so I stay behind him. He comes off to the side of the road. As I'm still on him, I see the door open, but not completely. It just barely pops open and then—and then shortly later, the door comes flying open and I see a driver jump out of the car, fall and then get up and run.

Gerhardt's patrol-car dash camera recorded the pursuit. On the recording, a copy of which was admitted into evidence and played for the jury, Morgan's vehicle can be seen driving past Gerhardt's vehicle. Gerhardt's vehicle turns around and begins pursuing Morgan's vehicle. At one point during the pursuit, Morgan's vehicle can be seen in the distance passing another vehicle on the opposite side of the road, which can be seen later as the white truck that Gerhardt mentioned in his testimony. No other vehicles are visible during the pursuit.

As the pursuit continues, Morgan's vehicle pulls off the road and into the dirt and turns around, blocking the road while doing so and prompting Gerhardt to stop his vehicle. Morgan's vehicle, now directly facing Gerhardt's vehicle, stops momentarily but then continues driving, veering quickly in front of Gerhardt's vehicle and onto another road. Gerhardt resumes his pursuit. Approximately thirty seconds later, Morgan's vehicle slows down and drifts off the road and into grass. Morgan jumps out of the vehicle while it is still moving, falls down and runs away, while his vehicle collides with a tree. Gerhardt stops his vehicle, chases Morgan on foot, and eventually apprehends him, which can be heard but not seen on the recording.

Following Morgan's apprehension, Gerhardt asked him why he refused to stop his vehicle and ran. Morgan told Gerhardt that he was on parole and was "scared." Gerhardt then asked Morgan why he was scared and if there was anything illegal inside his vehicle. Morgan at

4

first denied that there was anything illegal inside, but he eventually admitted that his vehicle contained a "glass dope pipe." Upon searching the vehicle, officers found "a glass methamphetamine smoking device" in the center console of the vehicle. Morgan admitted to Gerhardt that he had used methamphetamine "earlier that day."

Gerhardt and other officers also searched the wooded area where Gerhardt had apprehended Morgan. During the search, officers found several items of contraband, including a small brown box with a clear Ziploc bag inside that contained a green leafy substance that Gerhardt recognized as marijuana, an apple with marijuana residue on top of it, and a small plastic baggie with "crystalline residue inside." Texas Department of Public Safety forensic scientist Diana Salas testified that she tested the crystalline substance and determined that it contained 0.02 grams of methamphetamine.

The jury found Morgan guilty of evading arrest and possession of methamphetamine but not guilty of tampering with evidence, and it made an affirmative finding that Morgan had used his motor vehicle as a deadly weapon while evading arrest. The case proceeded to a hearing on punishment before the district court. During the hearing, Morgan pleaded true to the allegations in the three enhancement paragraphs, and both parties presented evidence relevant to sentencing. The district court sentenced Morgan as noted above, and these appeals followed.

We have reviewed the record, counsel's *Anders* briefs, and Morgan's pro se response. In appellate cause number 03-24-00701-CR, the appeal of Morgan's conviction for the offense of possession of a controlled substance, we agree with counsel that the appeal is frivolous. We find nothing in the record that might arguably support that appeal. We affirm the judgment of conviction for that offense.

However, in appellate cause number 03-23-00803-CR, the appeal of Morgan's conviction for the offense of evading arrest, we have identified at least one issue that is not frivolous, specifically the sufficiency of the evidence supporting the jury's affirmative deadly-weapon finding. Therefore, we abate that appeal and remand that cause to the district court with instructions to appoint new counsel to brief the deadly-weapon issue and any other issues that counsel believes might arguably support the appeal. *See Stafford*, 813 S.W.2d at 511.

In each cause, present counsel's motion to withdraw is granted. A copy of the order appointing substitute counsel in appellate cause number 03-23-00803 shall be forwarded to this Court no later than August 11, 2025. Substitute counsel's brief will be due thirty days after the date of appointment.

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

No. 03-23-00803-CR  Abated and Remanded

No. 03-24-00701-CR  Affirmed

Filed:   July 31, 2025

Do Not Publish