# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00221-CR

**Aaron Alejandro Ramirez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM COUNTY COURT AT LAW NO. 3 OF COMAL COUNTY
### NO. 2024CR0308, THE HONORABLE DEBORAH WIGINGTON, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Aaron Alejandro Ramirez was convicted by a jury of the offenses of driving while intoxicated (DWI) and unlawful carrying of a weapon. *See* Tex. Penal Code §§ 46.02, 49.04. Ramirez elected to have the trial court assess his punishment, and the trial court convened a punishment hearing two months later and generally sentenced Ramirez to 180 days in jail. The trial court also placed him on community supervision for eighteen months. The written judgments of conviction reflect that Ramirez was placed on community supervision for eighteen months in both cases; however, the judgment for the unlawful-carrying offense stated that he had been sentenced to 365 days in jail, and the judgment for the DWI offense stated that he had been sentenced to 180 days in jail. *See id.* §§ 12.21, .22. The written judgment for the unlawful-

carrying offense also specified that the jury assessed Ramirez's punishment even though he elected to have the trial court assess his punishments.

On appeal, Ramirez's court-appointed counsel has filed an *Anders* brief in which he stated that this appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel asserted that there were no meritorious arguments to be made concerning either phase of the trial and also moved to withdraw as counsel. The State filed a response indicating that it did not intend to file an appellate brief in the case.

Our role in an *Anders* appeal is limited to determining whether arguable grounds for appeal exist. *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). When this Court receives an *Anders* brief from an appellant's court-appointed attorney, we must conduct our own review of the entire record and determine whether appellant could raise only wholly frivolous issues on appeal. *Anders*, 386 U.S. at 744. An arguable ground for appeal is a ground that is not frivolous; it must be an argument that could "conceivably persuade the court." *Martinez v. State*, 313 S.W.3d 355, 357 (Tex. App.—Houston [1st Dist.] 2009, order); *see In re Schulman*, 252 S.W.3d 403, 407 n.12 (Tex. Crim. App. 2008). We need not be able to say with certainty that potential appellate issues have merit; we need only say that the issues warrant further development by counsel on appeal. *Martinez*, 313 S.W.3d at 357; *see also Wilson v. State*, 40 S.W.3d 192, 200 (Tex. App.—Texarkana 2001, no pet.). If we determine that arguable grounds for appeal exist, we must abate the appeal and remand the case. *Bledsoe*, 178 S.W.3d at 827. The trial court must then appoint another attorney to present arguable grounds for appeal. *Id.* "Only after the issues have been briefed by new counsel may [we] address the merits of the issues raised." *Id.*; *see also id.* (noting that addressing issues not raised in appointed counsel's brief would deprive appellant of meaningful assistance of counsel).

2

In accordance with *Anders*, 386 U.S. at 744-45, and *Bledsoe*, 178 S.W.3d at 826-27, we have reviewed the record and appellant's appointed counsel's *Anders* brief, and we conclude that at least one arguable ground for appeal exists concerning the propriety of the punishments as reflected in the written judgments. Although an appellate court may in certain circumstances modify a written judgment to conform with an oral pronouncement, an appellate court can only do so when the record supplies both the information necessary to show that a modification is warranted *and* the particular modification that is required. *See Miller v. State*, Nos. 03-23-00343—00347-CR, 2024 WL 589173, at *3-4 (Tex. App.—Austin Feb. 14, 2024, no pet.) (mem. op., not designated for publication) (explaining that if both conditions are not met, appellate court must remand rather than reform). In this case, the record does not demonstrate the particular change that might be needed because the record is unclear regarding what two punishments were intended. Moreover, Ramirez has not been afforded the benefit of an advocate addressing this issue and asserting what course of action is warranted. *See Jeffery v. State*, 903 S.W.2d 776, 780 (Tex. App.—Dallas 1995, no pet.) (noting in *Anders* case that there was discrepancy between punishment that was orally pronounced and punishment in written judgment and remanding case to trial court to appoint new counsel to file brief for appellant that addressed punishment issue and any other grounds that might support appeal)*, overruled on other grounds by Durham v. State*, No. 05-24-00398-CR, 2025 WL 2043953 (Tex. App.—Dallas July 21, 2025, no pet. h.); *see also Wilson*, 40 S.W.3d at 200 (explaining that for remand to be proper, we need only conclude that issue warrants further development by counsel).

We grant appellant's appointed counsel's motion to withdraw. We abate this appeal and remand the cause for the trial court to appoint new appellate counsel. The new appointment must be made by October 16, 2025. New counsel may address the punishment

issue discussed above, other issues, or both. Alternatively, appellant may choose to abandon and dismiss the appeal. The new appellant's brief will be due thirty days after the date of the new appointment.

Before Chief Justice Byrne, Justices Crump and Ellis

Abated and Remanded

Filed: October 2, 2025

Do Not Publish